IN THE MATTER OF MORRIS TABAK.

[No. 176S11. Filed May 6, 1977.]

*Ronald E. Elberger,* of Indianapolis, for respondent.

*David B. Hughes,* of Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM—This is a disciplinary proceeding before this Court on a verified complaint filed, pursuant to Admission and Discipline Rule 23, Section 12, by the Disciplinary Commission of the Supreme Court of the State of Indiana. Under this complaint, the respondent is charged with conduct violating Disciplinary Rules 1-102(A)(1), (5), and (6); 7-102(A)(8); and 9-101(A) of the Code of Professional Responsibility and further charged with violating Canon 1 of the Code of Judicial Conduct and Ethics. A Hearing Officer was appointed in this cause; a hearing was conducted; and the Hearing Officer has filed his findings of fact, conclusions and recommendation. The respondent has petitioned this Court for review, and both the respondent and the Disciplinary Commission have filed briefs for consideration by this Court in the matter.

After examining all matters which have been submitted in this cause, it appears that there is little dispute with regard

to the facts underlying this disciplinary proceeding. Being duly advised, we now adopt and accept as the findings of this Court the following findings of fact submitted by the Hearing Officer:

## "FINDINGS OF FACT

"1. The Respondent, Morris Tabak, was admitted to the Bar of the State of Indiana on or about September 26, 1972, and maintains an office for the practice of law in Indianapolis, Marion County, Indiana.

"2. The Respondent was the attorney of record in two (2) cases which were initially pending in the Municipal Court of Marion County, Room No. 3, in the year 1974. The two (2) cases were entitled, *State of Indiana* v. *Melvin E. Baird,* Cause No. M374-43175, and *State of Indiana* v. *Clayborn Donaldson,* Cause No. M374-45147.

"3. Both of the aforesaid defendants were charged with moving traffic violations contrary to statutes of the State of Indiana. The appearances of the Respondent in both of the aforesaid cases were evidenced by the Respondent's signature on the reverse side of the 'Indiana Uniform Traffic Ticket Complaint and Information', filed in each case on a line captioned, 'Attorney for Defendant'. .

"4. The Respondent's law partner, R. Victor Stivers, was the attorney of record in another case which was initially pending in the Municipal Court of Marion County, Room No. 3, in the year 1974. This latter was entitled, *State of Indiana* v. *Oscar G. Chasteen, Jr.,* Cause No. M374-50144.

"5. The said defendant, Chasteen, was charged with a moving traffic violation contrary to a statute of the State of Indiana. The signature and appearance of Respondent's law partner in said case was endorsed on the reverse side of the 'Indiana Uniform Traffic Ticket Complaint and Information', filed in said cause.

"6. The Respondent's law firm also represented another defendant in a case which was initially pending in the Municipal Court of Marion County, Room No. 3, in the year 1974. This fourth case was entitled, *State of Indiana* v. *Joseph Tucker,* Cause No. M374-50345. This case also charged the defendant with a moving traffic violation contrary to State law. This 'Indiana Uniform Traffic Ticket Complaint and Information' could not be located for introduction at this hearing, and the Hearing Officer consequently does not know how Respondent's law firm's appearance was shown on the 'Information'.

"7. On or about December 4, 1974, the Respondent, or some member of Respondent's law firm, entered pleas of 'Not Guilty' in the cases of Baird, Donaldson and Chasteen, in the Marion Municipal Court, Room No. 3. A plea of 'Not Guilty' was also entered for the defendant, Tucker, in his said cases pending in said Court, but there is no evidence as to when such plea was made.

"8. As a result of the procedure then and there existing in the Municipal Court of Marion County, the pleas of 'Not Guilty' entered in the aforesaid cases automatically resulted in the transfer of those case to Room No. 5 of said Court. Thereafter, in due course, the Baird, Donaldson, Chasteen and Tucker cases were docketed for trial in said Room No. 5, commencing on the respective dates of January 6, 14, 3 and 16, 1975.

"9. On December 6, 1974, the Respondent, Morris Tabak, was duly appointed Judge Pro Tempore of the Marion Municipal Court, Room No. 4, by the presiding judge of said Court. The Respondent qualified as such Judge Pro Tempore on said date, and he served as Judge Pro Tempore on said date in Room No. 4. Respondent was duly paid according to law for having served his said appointment.

"10. On the said date of December 6, 1974, and at a time when Respondent was serving as such Judge Pro Tempore, Respondent telephoned his law office and obtained from a secretary the names of office clients who had cases then pending in the Marion Municipal Court. Apparently, the names Respondent obtained by his process were the names of Baird, Donaldson, Chasteen and Tucker.

"11. After Respondent obtained the names of his firms' said clients, Respondent instructed the bailiff of the Marion Municipal Court, Room No. 4, to bring him from the Clerk's Office the four (4) 'Indiana and Uniform Traffic Ticket Complaint and Informations' above described. Respondent received the four (4) 'Informations' from the bailiff, and thereupon he proceeded to enter a plea of 'Guilty' for each said defendant in the absence of and without the knowledge of his, or his firms', clients. Further, Respondent, as Judge Pro Tempore, thereupon imposed in each case a fine of $1.00 in addition to the standard court costs of $44.00, and he suspended the entirety of the fine and costs in each case.

"12. When Respondent signed the Baird and Donaldson 'Information' as Judge Pro Tempore, Respondent scratched out his signature that appeared on the same document as attorney for said defendants so that the same was obliterated.

"13. At the time Respondent 'disposed of' the aforesaid cases on December 6, 1974, none of said cases were then or ever had been pending in said Room No. 4 of said Court."

In light of the above findings of fact, which this Court has adopted and accepted as its own, we now conclude that the respondent's conduct as a pro-tem judge was not free from impropriety or the appearance of impropriety and that his conduct as an attorney constituted the acceptance of private employment in a matter upon the merits of which the respondent had acted in a judicial capacity. We further conclude that his conduct as an attorney was contrary to a disciplinary rule, was prejudicial to the administration of justice, and adversely reflected on his fitness to practice law. Accordingly, we now find that, by reason of the above misconduct, the respondent has violated Disciplinary Rules 1-102(A)(1), (5) and (6); 7-102(A)(8); and 9-101(A) of the Code of Professional Responsibility and Canon 1 of the Code of Judicial Conduct and Ethics, as then in effect.

While there has been no real dispute with regard to the facts of this case, the petition for review and briefs filed under this cause do frame an issue as to the appropriate punishment that should be imposed by reason of this misconduct.

On several occasions, this Court has indicated that in determining the appropriate discipline to be imposed, consideration is given to the nature of the ethical violation; the specific acts of the respondent; this Court's responsibility to preserve the integrity of the Bar of this State; the risk, if any, to which we will subject the public by permitting the respondent to continue in the profession or to be reinstated at some future date; and the deterrent effect the imposition of discipline has on the Bar in general. *In re Wood*, (1976) 265 Ind. 616, 358 N.E.2d 128; *In re Noel*, (1976) 265 Ind. 98, 350 N.E.2d 623; *In re Lee*, (1974) 262 Ind. 439, 317 N.E.2d 444.

In the present case, the respondent, as an attorney, was placed within a position of trust in the judicial system; he

was assigned the duties of a judge *pro tempore.* In such capacity, he was expected to exercise his professional judgment in reaching all decisions; he was expected to act in a fair and impartial manner. The only way our judicial system can effectively function is if all members meet such expectations and honor the trust that is placed in the exercise of judicial responsibility.

Instead of accepting his responsibilities, respondent chose to use his brief judicial power to further personal objectives. He sought out legal matters relating to his clients and disposed of the matters so that they would be satisfied with the legal services provided by his law firm. This conduct ignores any concept of trust and responsibility and demonstrates a total disregard to the ethical requirements of all attorneys and judges.

This Court totally abhors the acts of the respondent and must assure that the members of the Bar and the public in general understand that even the suggestion of such conduct will be answered in the strongest terms. This Court can only conclude that in order to protect the public in general from future conduct of this nature and in order to preserve the integrity of the legal profession, the maximum disciplinary sanction must be imposed in this case. Accordingly, by reason of the misconduct found under the verified complaint filed in this cause, it is now ordered that the respondent be and he hereby is disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the respondent.

NOTE.—Reported at 362 N.E.2d 475.