## IN THE MATTER OF JAMES F. GORMAN.

[No. 1275S359. Filed August 29, 1978.]

*James F. Gorman,* Pro Se, of South Bend, for respondent.

*Sheldon A. Breskow,* of Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM—This proceeding is now before the Court on a single count complaint filed by the Disciplinary Commission of the Supreme Court pursuant to Admission and Discipline Rule 23, § 12. A Hearing Officer was appointed, this cause was heard, and the Hearing Officer has filed his findings of fact and conclusions of law. The Disciplinary Commission has petitioned this Court for review of the conclusions of law and has filed a brief in support of its petition.

In the complaint filed in this cause, the Respondent is charged with violating a disciplinary rule, engaging in illegal

conduct involving moral turpitude, and engaging in conduct that adversely reflects on his fitness to practice law, in violation of disciplinary rules 1-102(A)(1), (3), and (6). The respondent is further charged with violating his oath as an attorney

The charges of misconduct in this matter grow out of Respondent's conviction of a felony, i.e., Possession with Intent to Distribute, Distribution, and Conspiracy to Distribute Cocaine, a Schedule II controlled substance.

After examining all matters which have been submitted in this cause, this Court now finds that on or about January 28, 1975, Respondent knowingly and intentionally did unlawfully possess with intent to distribute and did distribute approximately one gram of cocaine, a Schedule II controlled substance. From about January 8, 1975, to and including January 30, 1975, Respondent willfully and knowingly did combine, conspire, confederate and agree with others to distribute cocaine, a controlled substance.

On February 5, 1975, Respondent was indicted by a federal grand jury and on May 30, 1975, Respondent was convicted in the U.S. District Court, Northern District of Indiana, South Bend Division, of possession with intent to distribute, distribution, and conspiracy to distribute cocaine, a Schedule II controlled substance in violation of Section 841(a)(1) Title 21, of the United States Code, constituting a felony. He was sentenced to serve a three year period of imprisonment and an additional special parole period of three years thereafter.

Throughout this proceeding, Respondent did not dispute the felony conviction or the facts giving rise to the conviction. He admits that he has committed an illegal act (malum prohibitum), but denies that he has done wrong (malum in se), arguing that the use of cocaine is neither addictive nor injurious to health. The Respondent thusly asserts that if he is to be disciplined it should be by reason of the illegality

of the conduct and not by reason of a lack of moral fitness or turpitude.

The Respondent has been charged, as above noted, with engaging in conduct involving moral turpitude and engaging in conduct adversely reflecting on his fitness to practice law. The issue for determination in this cause is the measure of Respondent's conduct, viewed in toto, against his moral fitness to continue in the practice of law; the issue is not the nature of the drug involved in this case.

The definition of moral turpitude, as employed in a disciplinary proceeding, was set forth in *Baker et al.* v. *Miller,* (1956) 236 Ind. 20, 24, 138 N.E.2d 145.

> In proceedings of this character moral turpitude has always been a controlling factor in the disciplinary action to be taken by the court where there has been a charge of misconduct by a member of the bar. The problem of defining moral turpitude is not without difficulty. There is certain conduct involving fraud, perjury, theft, embezzlement, and bribery where there is no question but that moral turpitude is involved. On the other hand, because the law does not always coincide exactly with principles of morality there are cases that are crimes that would not necessarily involve moral turpitude. Acts which normally at common law were not considered wrong, do not by reason of statutory enactment making them a crime, add any element of moral turpitude. For example, willfully running a stop light or exceeding the speed limit does not necessarily involve moral turpitude.
>
> Webster's International Dictionary (2d Edition) defines "turpitude" as: "Inherent baseness or vileness of principle, words, or actions; depravity."
>
> Black's Law Dictionary (4th Edition) defines "moral turpitude" as: "An act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."

This Court has applied the above definition and concluded that an attorney's conduct violative of tax statutes, which were *malum prohibitum* in nature, was conduct involving moral

turpitude. See *In re Holovachka,* (1964) 245 Ind. 483, 198 N.E.2d 381.

In the present case the Respondent was convicted of possession with intent to distribute, distribution and conspiring to distribute cocaine. These are not the acts of an experimenting youth. Respondent actively engaged himself in the introduction of a controlled substance into a market place that, unfortunately, is too often occupied by children and adolescents. He intentionally set in motion, without any apparent regard for the consequences, factors which could have serious impact on other societal members. By our society, through the enactment of laws, the use, possession and sale of cocaine have been deemed unwanted and illegal acts. By his conduct, the Respondent has attempted to place himself above the law and superior to societal judgments. These acts, being committed by an attorney, are evidence of a baseness, vileness, and depravity in the social and private duties which an attorney owes to his fellowman.

Accordingly, this Court now finds that the Respondent engaged in illegal conduct involving moral turpitude, engaged in conduct which adversely reflects on his fitness to practice law, and violated a disciplinary rule. Thus, this Court now finds that the Respondent violated Disciplinary Rules 1-102 (A) (1), (3), and (6).

This Court must now assess an appropriate disciplinary sanction taking into consideration the nature of the violation, the specific acts of the Respondent, this Court's responsibility to preserve the integrity of the Bar, and the risk, if any, to which we will subject the public by permitting the Respondent to continue in the profession or be reinstated at some future date. *In re Vincent,* (1978) 268 Ind. 101, 374 N.E.2d 40; *In re Tabak,* (1977) 266 Ind. 271, 362 N.E.2d 475; *In re Murray,* (1977) 266 Ind. 221, 362 N.E.2d 128.

The evidence establishes that Respondent possessed, conspired to distribute, and distributed cocaine, a controlled sub-

stance, for which he was charged and convicted in Federal Court. These acts demonstrate an intentional and flagrant disregard for the very laws Respondent is bound to uphold, the well-being of the members of society, and the ethical standards applicable to members of the Bar of this State. Under these circumstances, this Court must conclude that in order to preserve the integrity of the Bar of this State and to demonstrate this Court's total and absolute disfavor in the acts of respondent, the strongest sanction available under the constitution of this State must be imposed in this case. It is therefore ordered that the Respondent be and he hereby is disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the Respondent.

NOTE.—Reported at 379 N.E.2d at 970.