Forest Bowman, Indianapolis, for appellant.

Thomas J. Opsut, Staff Atty., Indiana Supreme Court Disciplinary Commission, Indianapolis, for appellee.

**In the Matter of Preston M. THOMAS.**

No. 1079S264.

Supreme Court of Indiana.

June 3, 1981.

Ronald E. Elberger, Indianapolis, for respondent.

Sheldon A. Breskow, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

In the proceeding now before this Court, the Respondent, Preston M. Thomas, has been charged with engaging in illegal conduct involving moral turpitude, thereby violating Disciplinary Rules 1–102(A)(1), (3) and (6) of the *Code of Professional Responsibility.*

Pursuant to Admission and Discipline Rule 23, a Hearing Officer was appointed, conducted a hearing and filed, with this Court findings of fact and conclusions of law; the Hearing Officer recommended that the Respondent be disbarred. Respondent has petitioned this Court to review the findings of the Hearing Officer as they relate to the effective date of the imposition of discipline. Respondent specifically waives any further challenge to these findings.

In view of the pleadings now before this Court, we hereby adopt as our own the findings and conclusions of the Hearing Officer. Accordingly, we now find Preston M. Thomas was admitted to the Bar of this State on October 21, 1973. On July 30, 1979, he was convicted in the United States District Court, Southern District of Indiana, of violating 21 U.S.C.A. 843(b), the unlawful use of a communication facility to distribute cocaine, a Schedule II Narcotic Drug Controlled Substance. Respondent was involved in trafficking cocaine and knew his activities were illegal. By reason of this conviction, the Respondent was sentenced on July 30, 1979, to two and one-half years imprisonment, but the execution of the sentence was suspended and he was placed on probation for a same period of years. Respondent testified that he pleaded guilty to the criminal charges to avoid further prosecution of other drug transactions.

The foregoing facts established clearly that Respondent's acts were illegal. This Court has previously found that a conviction for a crime involving distribution of cocaine is conduct involving moral turpitude. *In re Gorman* (1978), 269 Ind. 236, 379 N.E.2d 970. Thus, we conclude that the Respondent has engaged in professional misconduct as charged under the Verified Complaint filed in this cause.

Our findings establish that Respondent was engaged in the trafficking of cocaine

and was convicted for activities related thereto. Throughout his involvement, he was aware of the illegal nature of his conduct. This illegal activity demonstrates Respondent's total disregard for the laws of our society and for its welfare. Violations of this serious nature warrant but one sanction, disbarment.

During the course of this proceeding, by agreement of the parties, Respondent voluntarily withdrew from the practice of law on December 31, 1979. He has, by way of his Petition for Review, requested this Court to determine that any disbarment or suspension take effect as of December 31, 1979, and that the five-year waiting period for the purpose of petitioning for reinstatement pursuant to Admission and Discipline Rule 23, Section 4(a)(2) begin at that same date. In light of the fact that Respondent voluntarily withdrew, the disbarment should be effective as of December 31, 1979.

It is, therefore, ordered that the Respondent be and he hereby is disbarred as an attorney in the State of Indiana effective as of December 31, 1979.

Costs of these proceedings are assessed against the Respondent.