**In the Matter of James T. ROBERTS.**

**No. 881S207.**

Supreme Court of Indiana.

Jan. 18, 1983.

William B. Keaton, Keaton & Keaton, P.C., Rushville, for respondent.

Martha S. Hoover, Staff Atty., Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

This disciplinary matter has been brought by the Indiana Supreme Court Disciplinary Commission by way of a Verified Complaint charging the Respondent with failing to report improper conduct of a venireman. The Hearing Officer appointed pursuant to Admission and Discipline Rule 23 has heard this matter and has submitted his findings and conclusions of law. The Respondent has petitioned for review and has requested oral argument. The Commission has filed a response.

This Court has reviewed all matters submitted in this case and now finds that Respondent's request for oral argument should be denied. The Court finds further that the Respondent, James T. Roberts, was ad-

mitted to the Indiana Bar in May, 1968. The Respondent was a shareholder in the law firm of Roberts and Szakaly in Nashville, Brown County, Indiana. As such, he was employed as local counsel for plaintiffs in the case of *Mott v. Garrity* in the Brown Circuit Court. Thomas Ely was a member of the venire summoned for the jury of the trial in said cause. On August 26, 1980, Thomas Ely signed a jury questionnaire, upon penalty of perjury, and gave the name of his wife's employer as Key Tool Company. His wife, Carol Ely, was in fact employed as a secretary by Respondent's law firm.

At the time of the trial of the cause the Respondent knew of the existence of the questionnaire. He conducted *voir dire of the* jurors but did not question Thomas Ely about his wife's employment. The court inquired of the panel of jurors whether they had any corrections or changes to make in their questionnaires. Thomas Ely made no response. During voir dire, counsel for the defendant also questioned Thomas Ely specifically about his relationship with the Respondent, but Ely again failed to disclose the connection.

Thomas Ely sat as a juror in the cause. After the jury had retired for deliberations, the Respondent disclosed to opposing counsel the relationship between Thomas and Carol Ely and that Mrs. Ely was his employee.

Thereafter, the trial judge, the Honorable Samuel Rosen, approached the Respondent in an effort to resolve this matter of nondisclosure in his court. The Respondent informed the judge that he would make a complaint to the Indiana Commission on Judicial Qualifications charging the judge with improper conduct. The Respondent had, in fact, already filed such complaint. The Commission dismissed Respondent's complaint on March 13, 1981, as being frivolous and unfounded.

In light of the foregoing findings and considerations, this Court concludes that the Respondent knew of, but failed to reveal promptly to the court the improper conduct of a juror. Thereby, the Respondent violated Disciplinary Rule 7–108(G). Furthermore, the Respondent engaged in conduct involving dishonesty and misrepresentation, conduct that is prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(4), (5) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

The Hearing Officer further found misconduct by reason of Respondent's filing of a frivolous grievance against the trial judge, even though such misconduct was not specifically or generally charged under the verified complaint filed in this cause. In his petition for review the Respondent now contends that this finding of misconduct is erroneous in that there was no allegation in the complaint which would support such finding. The Disciplinary Commission counters that this issue was tried by the express or implied consent of the parties and that under Trial Rule 15(B) the complaint should be so amended.

Respondent's assertion of error presents a question which this Court has not previously addressed. That is, in a disciplinary proceeding can the complaint be impliedly amended to include additional allegations of misconduct? The answer to this question rests in an analysis of the nature and character of a disciplinary proceeding.

At the onset it must be understood that this type of litigation is neither criminal nor civil.

Preliminarily, it would be well to note that disbarment and suspension proceedings are neither civil nor criminal in nature but are special proceedings, *sui generis,* and result from the inherent power of courts over their officers. Such proceedings are not lawsuits between parties litigant but rather are in the nature of an inquest or inquiry as to the conduct of the respondent. They are not for the purpose of punishment, but rather seek to determine the fitness of an officer of the court to continue in that capacity and to protect the courts and the public from the official ministration of persons unfit to practice. *Ex parte Wall,* 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552 (1882). Thus the

real question at issue in a disbarment proceeding is the public interest and an attorney's right to continue to practice a profession imbued with public trust. *In re Fisher,* 179 F.2d 361 (7th Cir.1950), cert. denied sub nom. *Kerner, et al. v. Fisher,* 340 U.S. 825, 71 S.Ct. 59, 95 L.Ed. 606 (1950). *In Re Echeles* (7th Cir.1970), 430 F.2d 347 at 349.

Although this Court has not specifically denominated the attorney disciplinary process as *"sui generis"*, previous decisions have recognized the unique character of such proceedings and resolved issues of constitutional application within the framework of this understanding. See, *In re Crumpacker* (1978), 269 Ind. 630, 383 N.E.2d 36, cert. denied 444 U.S. 979, 100 S.Ct. 481, 62 L.Ed.2d 406; *In re Wireman* (1977), Ind., 367 N.E.2d 1368, cert. denied 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402; *In re Murray* (1977), 266 Ind. 221, 362 N.E.2d 128, appeal dismissed, 434 U.S. 1029, 98 S.Ct. 758, 54 L.Ed.2d 777. Additionally, Admission and Discipline Rule 23, Section 14(a) specifically provides that "(t)he rules of pleading and practice in civil cases shall not apply. . . ." in disciplinary proceedings.

Other jurisdictions have followed the same analysis of the nature of disciplinary proceedings. See gen. *Ohio State Bar v. Illman* (1976), 45 Ohio St.2d 159, 47 Ohio Ops.2d 284, 342 N.E.2d 688, cert. den. 429 U.S. 824, 97 S.Ct. 77, 50 L.Ed.2d 86; *Iowa St. Bar v. Kraschel* (1967), 260 Iowa 187, 148 N.W.2d 621; *Office of Disciplinary Counsel v. Campbell* (1955), 463 Pa. 472, 345 A.2d 616, cert. den. 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336.

Recognizing the unique character of the disciplinary process, this Court has also held that a disciplinary action is not a criminal proceeding. *In re Kesler* (1979), Ind., 397 N.E.2d 574. Thus, the application of constitutional standards generally afforded a criminal defendant is not appropriate.

■ The end result is not that an individual is without constitutional protection when confronting the disciplinary process; our analysis merely indicates that standards are to be measured within the unique framework of the disciplinary proceeding and not by the adoption of traditional criteria applicable to criminal or civil proceedings.

The issue raised by Respondent thusly becomes a question of procedural due process. It has been held, with the above analysis in mind, that due process, as applied to disciplinary proceedings involving attorneys, requires notice of the charges and an opportunity to be heard. *In re Wireman, supra; In re Murray, supra; In re Stivers* (1973), 260 Ind. 120, 292 N.E.2d 804; *In re Ruffalo,* 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117, reh. den. 391 U.S. 961, 88 S.Ct. 1833, 20 L.Ed.2d 874. In *Ruffalo,* the United States Supreme Court held that charges against an attorney could not be amended after he had testified. A respondent is entitled to know in advance the extent of the charges against him.

■ In the present case, the Respondent was not aware that he was confronting a potential violation of Disciplinary Rule 8–102(B), until after he had testified. In view of the above considerations, we accordingly find that Admission and Discipline Rule 23, Section 14(a) would not permit implied amendment under Trial Rule 15(B) and procedural due process would not allow a finding of misconduct, even if so amended. Accordingly, this Court finds that the Respondent did not violate Admission and Discipline Rule 8–102(B).

■ This Court must now determine the appropriate sanction for the misconduct found in this case. In making this determination, the Court will look to the entire course of conduct of the Respondent, including any uncharged misconduct which is supported by the evidence in the record and relates to the finding of misconduct. The findings of fact establish that the Respondent sat mutely while Thomas Ely was questioned by the court and opposing counsel and failed to disclose his association with the Respondent. By his continued silence, the Respondent violated a most fundamental precept of our judicial system, the impartiality and integrity of the jury. As we

noted earlier, the Respondent did disclose his relationship with Thomas Ely after the trial of the cause and after the jury had retired for deliberations. However, he then proceeded to take the offensive by filing a retaliatory grievance against the trial judge. Such tactics do not camouflage the unethical conduct, but only serve to exacerbate it.

The Respondent contends that press coverage of the incident constitutes a public reprimand in the true meaning of the word and that such sanction should be sufficient. We do not agree. The violation proven herein is of a most serious nature. Even the slightest possibility of jury manipulation will not be tolerated.

Upon assessment of all the foregoing considerations, this Court finds that a period of suspension is warranted. Therefore, it is ordered that the Respondent, James T. Roberts, is hereby suspended from the Indiana Bar beginning January 14, 1983, for a period of not less than six (6) months.

Costs of this proceeding are assessed against the Respondent.

PRENTICE, J., dissents as to the sanction and would impose a suspension for one year.