In the Matter of Bruce JONES.

No. 982S361.

Supreme Court of Indiana.

June 28, 1984.

Rehearing Denied Sept. 5, 1984.

Kevin D. McGoff, Greenfield, for respondent.

Gregory M. Fudge, Staff Atty., Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

In the present cause, the Respondent, Bruce Jones, is charged with engaging in illegal conduct involving moral turpitude and engaging in conduct which adversely reflects on his fitness to practice law. Pursuant to Admission and Discipline Rule 23, this proceeding was initiated by the filing of a single-count complaint by the Disciplinary Commission; a Hearing Officer was appointed, conducted a hearing, and has tendered his findings. The Respondent now seeks review of the tendered findings and both parties have filed briefs in support of their respective positions.

There is little controversy as to the facts underlying this proceeding. During the hearing the parties stipulated and agreed to the circumstances involved. Accordingly, upon review of all matters presented for our consideration at this time, we now find that the Respondent is an attorney subject to the disciplinary authority of this Court. On March 21, 1983, the Respondent, then a candidate for the office of Morgan County Prosecutor, was arrested for driving under the influence of intoxicating liquor, possession of marijuana and possession of hashish. Respondent was in fact engaged in the illegal conduct for which he was arrested.

An Information was filed in Morgan County Court charging the Respondent with the above noted illegal conduct as three separate class A misdemeanors. Pursuant to a plea agreement, the Respondent pleaded guilty to driving a motor vehicle while intoxicated and possessing marijuana; the offense of possessing hashish was dismissed. For the offense of driving while intoxicated, the Respondent was fined two hundred dollars, his driver's license was restricted for one year and he was given a suspended sentence of sixty days in the Morgan County Jail; for possessing marijuana, the Respondent was ordered to perform eighty hours of community service and to attend a drug abuse program. Pursuant to I.C. 35-48-4-12 this charge of possessing marijuana was eventually dismissed.

Upon review of the above-noted facts, the Hearing Officer concluded that driving while intoxicated did not rise to the level where disciplinary sanction was appropriate. Additionally, Respondent, in his petition for review, asserts that, based on the above findings of fact, there is insufficient evidence to conclude that the Respondent engaged in conduct which adversely reflects on his fitness to practice law and that the offenses were not crimes of moral turpitude which warrant disciplinary sanction. In response, the Disciplinary Commission argues that the case of *In re Moore* (Ind.1983), 453 N.E.2d 971, is dispositive of these issues.

The *Moore case* involved similar charges of professional misconduct, but the underlying factual basis was unique and distinct.

The fact that marijuana was involved in both disciplinary actions does not mean that all issues in such cases are forever decided. Our analysis involves the consideration of Respondent's conduct, in toto, not the rigid application of discipline because a particular allegation is raised.

In a prior case involving a controlled substance, this Court addressed the question of moral turpitude and the fitness of an attorney to continue in the profession.

"The Respondent has been charged, as above noted, with engaging in conduct involving moral turpitude and engaging in conduct adversely reflecting on his fitness to practice law. The issue for determination in this cause is the measure of Respondent's conduct viewed in toto, against his moral fitness to continue in the practice of law; the issue is not the nature of the drug involved in this case." *In re Gorman*, (1978) 269 Ind. 236, 379 N.E.2d 970.

Thereafter, this Court went on to find that the sale of cocaine was an offense involving moral turpitude and the conduct involved demonstrated Respondent's unfitness to continue in the profession.

Along these same lines, this Court must note that it is not bound by the Hearing Officer's conclusion that the driving offense is not sufficient to warrant discipline. *In re Crumpacker*, (1978) 269 Ind. 630, 383 N.E.2d 36; *In re Murray*, (1977) 266 Ind. 221, 362 N.E.2d 128; *In re Pawlowski*, (1959) 240 Ind. 412, 165 N.E.2d 595. For to so hold would be contrary to our prior decision to evaluate questions of fitness and moral turpitude on the totality of the conduct of the particular case.

In the present proceeding, it is without question that the Respondent engaged in illegal conduct by driving his automobile while intoxicated and by possessing marijuana and hashish. These acts were committed while he was seeking to attain the office charged with enforcing the very laws he violated. Respondent chose to place himself above the law and demonstrated a total disregard for societal judgments relating to the possession of controlled substances. Furthermore, it is readily apparent to this Court that the operation of an automobile while intoxicated endangers the physical well-being of every occupant of the highway; Respondent chose to ignore such danger. In short, Respondent placed his own wants, desires, and pleasures above the law and his duties owed to his fellow man.

In view of the above considerations this Court must accordingly now find that, in its totality, Respondent engaged in illegal conduct demonstrating that he is morally unfit to continue in the practice of law at this time. Thus, this Court now further finds that the Respondent engaged in professional misconduct as charged in the Verified Complaint filed in this cause and thereby violated Disciplinary Rules 1–102(A)(1), (3), and (6) of the *Code of Professional Responsibility*.

Having found misconduct, we must now assess an appropriate disciplinary sanction. The Hearing Officer, having had an opportunity to observe the witnesses, reports that the Respondent does enjoy the support of the Morgan County Bench and Bar. It is the Hearing Officer's opinion that the Respondent deserves discipline, but should not receive the maximum sanction of disbarment. Upon review of this matter we are inclined to agree. The Respondent is young and his inexperience may have contributed to his misconduct. It does appear that the public will not be harmed if the Respondent is permitted to seek reinstatement after a substantial period of suspension.

It is therefore ordered that by reason of the misconduct found in this cause the Respondent is hereby suspended from the practice of law in this state for a period of three years beginning August 1, 1984.

Costs of this proceeding are assessed against the Respondent.

PRENTICE, J., concurs in part and dissents in part with opinion.

PRENTICE, Justice, concurring and dissenting.

I concur in the opinion except as to the assessment of the sanction. In this regard, I would suspend the Respondent for a period of one year.