**In the Matter of Donald R. EWERS.**

**No. 483S117.**

Supreme Court of Indiana.

Sept. 11, 1984.

Disciplinary Rule 2–109(A)(2).

**2.** Pursuant to a 1984 Amendment renumbering the Rules, Disciplinary Rules 2–110(A)(2) and

Forrest Bowman, Jr., Indianapolis, for respondent.

William G. Hussmann, Jr., Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This Disciplinary proceeding is before the Court on a single-count verified complaint charging the Respondent, Donald R. Ewers, with engaging in illegal conduct involving moral turpitude and engaging in conduct which adversely reflects on his fitness to practice law in violation of Disciplinary Rules 1–102(A)(3) and (6) of the *Code of Professional Responsibility*. Pursuant to the procedure set forth under Admission and Discipline Rule 23, a Hearing Officer

(3) now appear as Disciplinary Rules 2–109(A)(2) and (3).

was appointed, conducted a hearing and tendered findings to this Court. Respondent now petitions for review and both parties have filed briefs in support of their respective positions.

In his petition for review Respondent challenges the conclusions of law reached by the Hearing Officer and the sanction recommended; there is no challenge to the tendered findings of fact. Accordingly, there being no objection raised, this Court now adopts and accepts as its own the tendered findings of fact.

These findings establish, in pertinent part, that the Respondent, a licensed attorney in the State of Indiana, prepared and ran from October 31, 1982, through November 9, 1982, an advertisement in the *Evansville Courier* seeking to employ a "recent female high school graduate desirous in working with horses." Two female college interns, ages 21 and 22, working for the Evansville Police Department, responded to this advertisement on the afternoon of November 9, 1982. Respondent invited them to attend a party that night, which they declined and invited them to return on the morning of November 11, 1982, for a further interview. At this second meeting the Respondent displayed a cocaine preparation kit and a small quantity of a substance represented to be cocaine. This substance was consumed by all three. The two undercover agents returned that evening and when the Respondent again produced a small quantity of cocaine, surveillance officers were notified and entered the premises. During the search of Respondent's premises a foil packet with five tablets was found in a closet. These tablets contained Diazepam and Methaqualone, both controlled substances for which the Respondent did not have a prescription.

The Respondent was charged in the Vanderburgh Superior Court with:

1) Knowingly possessing cocaine, in violation of I.C. 35–48–4–6;

2) Knowingly possessing Diazepam, a Schedule IV Controlled Substance, in violation of I.C. 35–48–4–7; and

3) Knowingly possessing Methaqualone, a Schedule II Controlled Substance, in violation of I.C. 35–48–4–7.

On December 20, 1982, the Respondent entered a plea of guilty as charged; pursuant to an agreement, the Court entered the convictions as Class A Misdemeanors and sentenced the Respondent to one year imprisonment on each count, to run consecutively. The sentence was suspended and the Respondent was placed on probation for three years with certain conditions.

In his Petition for Review, Respondent disagrees with the Hearing Officer's conclusion that the above described conduct constituted illegal conduct involving moral turpitude and conduct which adversely reflects on his fitness to practice law. Respondent argues that the present case can be distinguished from this Court's holdings in *In re Gorman*, (1978) 269 Ind. 236, 379 N.E.2d 970 and *In re Thomas*, (1981) Ind., 420 N.E.2d 1237, in that there is no commercial distribution.

There is no dispute that the Respondent engaged in illegal conduct. The only remaining issue appears to be a question of moral turpitude which involves the consideration of Respondent's conduct in toto. *In re Jones*, (1984) Ind., 464 N.E.2d 1281; *In re Gorman, Supra.* Respondent advertised for a "recent female high school graduate". When a person meeting this description responded, the Respondent offered cocaine for use. He was further found to be in possession of controlled substances. As this Court noted in the *Gorman* case, *Supra*, these were not the acts of an experimenting youth. Respondent knowingly placed himself above the law and chose to ignore societal judgments as to the illegality of cocaine and controlled substances. These acts are evidence of a baseness, vileness and depravity in the social and private duties which an attorney owes to his fellowman. Accordingly, this Court now further finds that Respondent engaged in illegal conduct involving moral turpitude and engaged in conduct adversely reflecting on his fitness to practice law in violation of the *Code of Professional*

*Responsibility* as charged under this cause.

Respondent further asserts that the misconduct found in this case does not warrant disbarment as recommended by the Hearing Officer; Respondent cites several cases where illegal conduct has been demonstrated and this Court chose not to disbar the Respondent.

 This Court has repeatedly noted that the question of sanction involves consideration of the nature of the violation, the specific acts of the Respondent, this Court's responsibility to preserve the integrity of the Bar, and the risk, if any, to which we will subject the public by permitting the Respondent to continue in the profession or be reinstated at some future date. *In re Gorman, Supra, In re Vincent,* (1978) 268 Ind. 101; 374 N.E.2d 40; *In re Tabak* (1977), 266 Ind. 271, 362 N.E.2d 475. Additionally, this Court, in assessing the nature of the violation, will look to the entire course of conduct involved, including uncharged misconduct. *In re Roberts,* (1983) Ind., 442 N.E.2d 986.

 The Hearing Officer in this case found that the Respondent in his presentence report for the Vanderburgh Superior Court and in his answer to the complaint filed under this cause made misrepresentations of material facts concerning the offenses. He attributed this misrepresentation to the excessive consumption of alcohol and stress. Considering this within the overall assessment of this case, it appears that the Respondent has demonstrated a complete disregard for professional obligations. He engaged in illegal acts; when confronted with changes, he made material misrepresentations; he offered cocaine to young persons he solicited for potential employment. These are the acts of a man not worthy of the respect of the legal profession. Under these circumstances, this Court must conclude that in order to preserve the integrity of the Bar of this State and to demonstrate this Court's absolute disfavor in the acts of Respondent, the strongest sanction must be imposed. It is therefore ordered that the Respondent be and he hereby is disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the Respondent.

PRENTICE, J., not participating.