## In Re Anonymous No. 60 D.B. 83

Disciplinary Board Docket No. 60 D.B. 83.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

HAMMERMAN, *Member,* October 16, 1984— Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of The Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Office of Disciplinary Counsel filed a petition for discipline against [respondent] on October 27, 1983 based on the sentencing of the Honorable [A], District Judge, who accepted respondent's plea on one count of possession of cocaine in violation of 21 U.S.C. §844 (a). The instant petition alleged violations of D.R. 1-102(A)(5) (prohibiting an attorney from engaging in conduct that is prejudicial to the administration of justice) and D.R. 1-102(A)(6) (prohibiting an attorney from engaging in conduct which adversely reflects on his fitness to practice law). Pursuant to Rule 205 of the Pennsylvania Rules of Disciplinary Enforcement these matters were referred to hearing committee [   ] and a hearing was scheduled for January 31, 1984. [   ], heard testimony on that date and the report of said committee was filed on May 29, 1984.

The committee found that respondent had violated D.R. 1-102 (A) (5) in that his conduct was prejudicial to the administration of justice. Respondent who had the obligation to obey the law whether as lawyer or assistant district attorney nevertheless purchased cocaine and used it in the presence of members of the public. He also consorted openly with known drug dealers and failed to take any action against one of them who showed him what was about 500 pounds of marijuana with a value of over

$150,000. The committee also found that respondent had violated D.R. 1-102 (A) (6) in that his misconduct adversely reflected on his fitness to practice law. While respondent satisfactorily discharged the duties of his office as assistant district attorney, they found that respondent over a substantial period of years showed no concern since many of the public in the [   ] County community had knowledge of his actions. The hearing committee recommended that respondent be suspended from the practice of law for a period of six months by the Supreme Court of Pennsylvania.

## II. STATEMENT OF FACTS

The government filed an information against respondent charging him with one count of possession of approximately one-quarter ounce of cocaine in violation of 21 U.S.C. §844. The government's evidence showed that he received the one-quarter ounce of cocaine from one [B] as a wedding present. The evidence also showed that prior to that time, respondent had received small amounts of cocaine from [B] on numerous occasions in 1981 and 1980 and that he used and ingested cocaine himself and with other persons in social settings. The government showed that [B] was a major cocaine trafficker in and around [   ], Pennsylvania and was known to respondent to be a cocaine dealer. By failing to take any action to inform law enforcement officials about their drug dealing activities, [respondent] tacitly condoned their illegal conduct and permitted it to flourish unchecked.

In addition, by doing cocaine in the company of strangers, respondent over a substantial period of time showed no concern for the disrespect of the law and for law enforcement which he exhibited.

## III. DISCUSSION

The board agrees with the conclusion of the hearing committee that respondent has violated D.R. 1-102 (A) (5) and D.R. 1-102 (A) (6). Respondent is currently serving a sentence of 30 days incarceration and on work release and two years probation from November 19, 1983 during which he has concluded the four hours a week for 50 weeks of community service. Respondent has not been suspended from the practice of law during the period of his indictment and conviction. The hearing committee recommended a six months' suspension and disciplinary counsel excepts to this recommendation.

The brief on exceptions by disciplinary counsel cites the Matter of Moore, 453 N.E. 2d 971 (Ind. 1983), where the responding attorney, a prosecutor was disbarred for knowingly possessing marijuana and where his son confessed to growing the marijuana and the criminal charges against said respondent were dismissed. The attorney for respondent cites several cases in his brief, Matter of Wolfson, Matter of Dunbar and Matter of Director in which the charge was a misdemeanor and these respondents were subjected to public censure.

After carefully reviewing the records in this matter, this board concludes that further discipline is mandated. Respondent's misconduct indicates that a more meaningful sanction is necessary to deter his pattern of irresponsibility which was detrimental to the interests of justice.

## IV. RECOMMENDATION

The board respectfully recommends to your honorable court that respondent, [    ], be subjected to a suspension of one year from the practice of law, and that the court direct that all necessary expenses in-

curred by this board in the investigation and processing of the petition for discipline be borne by and paid for by said respondent.

## ORDER

NIX, C. J. And now, this February 5, 1985, upon consideration of the recommendation of the Disciplinary Board dated October 16, 1984, it is

Ordered that [respondent] be and he is suspended from the Bar of the Commonwealth for a period of one year, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Hutchinson dissents and would list the matter for briefing and argument to determine the appropriate discipline.