**In the Matter of Teresa L. PERRY, Respondent.**

No. 82S00–0806–DI–307.

Supreme Court of Indiana.

Sept. 4, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was charged with drug-related crimes in May 2007. On May 27, 2008, she was convicted on a guilty plea of dealing in a Schedule III controlled substance, a Schedule II controlled substance, and methamphetamine, all class B felonies; and for possession of methamphetamine, a class D felony. She received a 6–year executed sentence to commence on May 28, 2008. On the Commission's request, the Court entered an order of interim suspension from the practice of law effective July 29, 2008. On September 30, 2008, the trial court modified Respondent's sentence to permit her to serve the balance of her sentence in a community corrections program, subject to her participation in an 18–month program for drug offenders.

The parties stipulate to the following facts in mitigation: (1) soon after charges were brought against her, Respondent sought and completed treatment for substance abuse; (2) Respondent accepts responsibility for her misconduct; (3) Respondent has successfully completed the first three of four phases of the program required by her sentence modification.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties propose the appropriate sanction is suspension for not less than two years or until her criminal sentence has been completely served, whichever is greater, retroactive to the date of her interim suspension, July 29, 2008.

This Court has disbarred attorneys who committed the type of criminal offenses to which Respondent has admitted. *See Matter of Thomas,* 420 N.E.2d 1237 (Ind. 1981) (unlawful use of communication facility to distribute cocaine); *Matter of Gorman,* 269 Ind. 236, 379 N.E.2d 970 (1978) (possession, conspiracy to distribute, and distribution of cocaine). The parties' proposed discipline, which could render Respondent eligible to petition for reinstatement in about one year from the date of this order, is at the extreme low end of the discipline she could expect if this case were fully litigated. We note, however, that a petition for reinstatement may be granted only if the petitioner proves by clear and convincing evidence several requirements, including:

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct

himself or herself in conformity with such standards; [and]

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts. . . .

Admis. Disc. R. 23(4)(b). The fitness to practice law of an attorney seeking reinstatement "must be considered in light of the offenses for which the petitioner was disciplined." *Matter of Gutman,* 599 N.E.2d 604, 608 (Ind.1992). "The more serious the misconduct, the greater its negative impact on future rehabilitation and eventual reinstatement, the greater Petitioner's burden of proof to overcome the implication of unfitness which is conjured by the misconduct." *Id.*

Regardless of the date on which Respondent is eligible to seek reinstatement, her petition would be granted only if she met the most stringent requirements of proof that her rehabilitation is complete and she can safely reenter the legal profession. With this in mind, and in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than two years or until her criminal sentence has been completely served, whichever is greater, without automatic reinstatement, beginning July 29, 2008** (the effective date of her interim suspension). Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur, except SHEPARD, C.J., and DICKSON, J., who dissent.

DICKSON, Justice, dissents.

I would reject the Conditional Agreement because it leaves open the possibility that the Respondent may eventually resume the practice of law despite being convicted of multiple felonies involving both dealing in and possession of methamphetamine. Permitting such a convicted felon to practice law is unacceptable, in my opinion, because it places at risk the citizens who may seek future legal representation from the Respondent, and it undermines general public confidence, trust, and respect for the Indiana legal system as consisting of persons morally sound, fit, and suitable to be safely entrusted with the personal interests of others.

SHEPARD, C.J., concurs.