**In the Matter of Lawrence W. McCARTHY.**

**No. 583S191.**

Supreme Court of Indiana.

Aug. 8, 1984.

Duge Butler, Jr., Butler, Brown, Hahn & Little, P.C., Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This proceeding is now before the Court on a second Amended Verified Complaint

for Disciplinary Action filed by the Disciplinary Commission of this Court, alleging, under nine counts, professional misconduct on the part of the Respondent. Pursuant to Admission and Discipline Rule 23, Section 15(b), on October 20, 1983, the Respondent was suspended from the practice of law in this state pending the final determination of this proceeding, 454 N.E.2d 866. The Hearing Officer previously appointed has now tendered to this Court his findings of fact. Neither party petitions for review, but the Respondent does request oral argument prior to the imposition of punishment. Respondent's request for oral argument is denied.

In that neither party challenges the Hearing Officer's report, this Court now adopts and accepts as its own the findings of fact tendered by the Hearing Officer. Accordingly, this Court now finds under Counts IV, VI, VII and VIII, that there is not sufficient evidence to support a finding of professional misconduct as charged in the amended complaint. The remaining Counts will be individually considered.

■ In Count I, the Respondent is charged with violating Disciplinary Rules 1–102(A)(1), (3), (4) and (6) and 9–102 of the *Code of Professional Responsibility*. This Court now finds that the Respondent, without authority, withdrew $7,141.00 from an estate and converted this money to his own personal use to support an addiction to cocaine. Such addiction cost the Respondent on the average $2,000 dollars each week. Accordingly, we now further find that by engaging in illegal conduct involving moral turpitude, conduct involving dishonesty, deceit and misrepresentation, conduct which adversely reflects on his fitness to practice law and conduct involving the misuse of a client's funds the Respondent has violated the *Code of Professional Responsibility* as charged under Count I of the complaint now before this Court.

Under Count II of the Amended Complaint before this Court, the Respondent is charged with violating Disciplinary Rules 1–102(A)(1), (3), (4) and (6) and 9–102(A). We now find that the Respondent pur-chased furniture for his own personal use in August, 1982. Respondent tendered a check in the amount of $860.00 drawn on his attorney trust account. This check was returned due to non-sufficient funds. In view of our findings of fact, we now further find that the Respondent engaged in conduct involving deceit or misrepresentation which adversely reflects on his fitness to practice law and commingled funds in violation of Disciplinary Rules 1–102(A)(1), (4) and (6) and 9–102(A) of the *Code of Professional Responsibility*.

In Count III the Respondent is charged with engaging in illegal conduct which adversely reflects on Respondent's fitness to practice law to-wit; Disciplinary Rules 1–102(A)(3) and (6) of the *Code of Professional Responsibility*. Adopting the Hearing Officer's findings, we now find that the Respondent cashed a second party check and presented a personal check which failed to clear due to non-sufficient funds. Restitution has been made on one of the checks, but not the other.

■ The Hearing Officer did not find the Respondent guilty as charged, but instead found that the Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Disciplinary Rule 1–102(A)(4). However, the charge cannot be amended subsequent to the hearing and misconduct found under a different Disciplinary Rule; such procedure would contravene the requirements of procedural due process. *In re Roberts*, (1983) Ind., 442 N.E.2d 986. Accordingly, this Court now finds for Respondent under Count III.

Under Count V the Respondent is charged with diverting funds of his client intended for restitution, neglecting a legal matter and other acts of attendant misconduct. Based upon the matters now before this Court, we find that the Respondent was employed to represent a client facing check deception charges. Pursuant to a plea agreement, this client was ordered to make restitution through the Marion County Probation Department of the amount of $11,500. Contrary to the instructions of

the court, the Respondent had this client pay directly to the Respondent. This client paid the Respondent $3,285.00, $1,100.00 of which was designated by the Respondent or his secretary as restitution. No money was ever forwarded to the Probation Department; all of the money was retained by Respondent for his own personal use.

The client also was the defendant in a civil action. Respondent knew of a pending request for default judgment but took no action in that he was "fed up" with this individual. A default judgment was entered against this client for $32,500.00 plus costs, including treble damages.

In light of the above noted findings of fact, this Court now finds that the Respondent failed to maintain complete records of all funds of a client coming into his possession, failed to render appropriate accounts to his client regarding the funds and failed to promptly pay or deliver funds of his client as required in violation of Disciplinary Rules 9–102(B)(3) and (4) of the *Code of Professional Responsibility*. Additionally, Respondent neglected a legal matter entrusted to him, failed to seek the lawful objectives of his client, failed to carry-out a contract of employment and prejudiced or damaged his client during the professional relationship, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(1), (2) and (3) of the *Code of Professional Responsibility*.

Under Count IX the Respondent is charged with neglecting a legal matter entrusted to him, failing to carry out a contract of employment and engaging in conduct that involves dishonesty, fraud, deceit or misrepresentation in violation of Disciplinary Rules 6–101(A), 7–101(A) and 1–102(A)(4) of the *Code of Professional Responsibility*.

Upon examination of the matters now before the Court, we now find that the Respondent was employed to represent a client in a *Habeas Corpus* petition in United States District Court. He was paid a fee for his services, but only completed a bare minimum of discovery and then took no further action. Respondent did not return any portion of the fee paid when this neglect was discovered by this client. Predicated on these findings of fact this Court now finds that the Respondent engaged in misconduct as charged under this count.

Although this Court has not found misconduct under all counts of the amended complaint, it is abundantly clear that the professional misconduct established is very serious. The Respondent, who as an attorney is placed in a position of trust, took the funds of his client and diverted them to his personal use. This money was used to support an addiction to cocaine that was costing the Respondent two thousand dollars a week. Additionally, Respondent neglected his clients, disserved them, commingled personal funds with those of his clients and ignored personal financial obligations.

It is indeed unfortunate when a person trained to be a professional loses grasp of priorities and subjugates professional responsibilities to the demands of an addiction. Apparently, Respondent has suffered this personal tragedy. But this is only a part of the total misfortune generated by this addiction. The results are equally calamatous to the client who is disserved by a person thought to be trusted.

The public must have confidence that when they place their trust in an attorney they will receive faithful, professional assistance. If an attorney cannot so respond, he is unfit to continue in the profession. It is our duty to protect the public from persons unfit to be attorneys; the serious misconduct present in this case demands that we respond in a very strong manner.

It is therefore ordered that by reason of the misconduct found above under the second amended complaint filed in this cause, the Respondent be, and he hereby is disbarred as an attorney in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.