## IN RE GRAY.

[No. 30,515. Filed May 17, 1966.]

*James C. Kimbrough, Jr.,* of Gary, for respondent.

*John J. Dillon,* Attorney General, for relator.

PER CURIAM.—The Disciplinary Commission of this Court has filed an Information for the disbarment of Terry C. Gray, a practicing attorney in Lake County, Indiana. The proceedings come before us pursuant to Rule 3-22. The Honorable Frank Fisher was appointed by this Court as a Commissioner to hear the evidence and report his findings and conclusions with recommendations.

A hearing was held before the Commissioner, who has filed a transcript of the evidence along with his findings, conclusions and recommendations. This report has been filed with the clerk of this Court and in substance finds that the respondent, in violation of the laws of the State of Indiana, received sums of money during 1956 and 1957 while he was a member of the Common Council of the City of Gary, Indiana from contractors doing business with that city; that these acts were committed in securing political contributions through the signing of false claims with persons doing business with the City of Gary, Indiana. The Commissioner points out that the respondent was tempted while he was securing his legal education to participate in this type of activity and that he states in one of his answers "that moneys received were gifts from the than [sic] Mayor of Gary, George

Chacharis, as aid in financing the legal education of the defendant." No objections or exceptions have been filed by the respondent to the report.

The Commissioner reports that the respondent excuses his conduct as necessary in political activities and also through excessive loyalty to George Chacharis, the Mayor and a political leader of Lake County.

The Commissioner, however, recommends leniency in this case, first because these acts were committed shortly prior to his admission to the bar while he was studying to be a lawyer, and because the respondent states that he is now repentant and if granted leniency, will conduct himself above reproach hereafter.

The Commissioner recommends that respondent be reprimanded and be required to file an affidavit to the effect that he has studied the Code of Ethics of the American Bar Association and will, to the best of his ability, follow such Code hereafter.

This Court now declares that the conduct of which petitioner has been found guilty is to be condemned, and he is hereby reprimanded for such conduct. These proceedings should be sufficient warning to the respondent to conform strictly to the ethics of the legal profession, and for that reason the Court does not disbar or suspend the respondent from the further practice of the law.

Achor, J., not participating.

NOTE.—Reported in 216 N. E. 2d 547.