IN THE MATTER OF CLIFFORD TAYLOR LEE.

[No. 973S194. Filed October 16, 1974.]

*John B. Ramming,* Executive Secretary, Disciplinary Commission, for Supreme Court Disciplinary Commission.

## ORIGINAL ACTION

PRENTICE, J.—This is a disciplinary proceeding. The respondent is charged with the violation of his oath as an attorney admitted to the bar of this state and with the violation of Disciplinary Rules 1-102(A)(3), (4), (5), and (6) of the Code of Professional Responsibility of Attorneys at Law. We have before us the verified complaint for disciplinary action, the findings of fact and recommendation of the hearing officer, and the petition and supporting memorandum for review of recommendations of the hearing officer filed by the Disciplinary Commission. Except as hereafter stated, the respondent filed no response to the complaint and did not appear, either in person or by counsel, at the hearing.

This Court being fully advised in the premises now approves the findings of fact which, in substance, disclose that in February 1972, the respondent was indicted by the Grand Jury in the United States District Court for the Eastern District of Virginia on four counts of forging government transportation requests, with four counts of uttering the same and with two counts of obtaining property by false pretenses. The offenses occurred while he was employed as a staff attorney in the Office of the Solicitor of the United States Department of Labor in Washington, D.C. He was tried by jury on a plea of not guilty upon all counts. Thereafter, the respondent appealed his convictions to the United States Circuit Court of Appeals of the Fourth Circuit, which affirmed the convictions.

Following the first filing of findings and recommendations by the hearing officer, which were subsequently withdrawn, the respondent mailed to the hearing officer certain biographical data which, among other things, reflected that the respondent was a disadvantaged child and youth who rose above his economic environment, acquired a formal legal education and held professional positions of responsibility. It is the hearing officer's recommendation that the respondent be suspended from the practice of law for a period of four

years pursuant to Admission and Discipline Rule 23(3) subject to reinstatement upon satisfaction of the requirements of Admission and Discipline Rule 23(4). In the opinion of the hearing officer, the objective of disciplining attorneys should be their rehabilitation and not vengeance; and it is his opinion that in view of the respondent's circumstances, permanent disbarment requested by the Disciplinary Commission would be excessive.

We cannot accept the recommendations of the hearing officer. We view our primary responsibility in admission and discipline matters as that of guarding the public against incompetent and unscrupulous professionals. In such matters, we have three considerations that follow in sequence. First is the guilt or innocence of the respondent. If there is a determination of guilt, then we must determine the risk, if any, to which we will subject the public by permitting him to continue in the profession or to be reinstated at some future date. In making this determination, it is altogether appropriate for us to consider circumstances peculiar to him as they bear upon the likelihood of future transgressions. Our primary concern is the probability of undue risk to the public, and in determining whether or not the public should be further exposed to a lawyer once found guilty of misconduct, we cannot accept one standard of integrity of the advantaged and another of the disadvantaged, anymore than we can apply varying standards of professional competence for initial admission to the bar of this state. If from a consideration of all relevant factors, it is determined that there would be no undue risk to the public by permitting the respondent to practice, after appropriate discipline, then his personal circumstances are further relevant to a determination of the disciplinary action sufficient to deter his misconduct in the future. This may properly call for assessing a greater penalty against one than against another, although their offenses be the same. If, however, it is determined that it would be an undue risk to the public to permit the re-

spondent to continue or to resume the practice of law, even after severe discipline intended as a deterrent, then we may not, in good conscience, permit it out of compassion.

If we accept the foregoing, it follows that every dishonest act does not necessarily compel disbarment, and each case must stand upon its own merits. The circumstances of a particular case may reflect that the offense was committed under circumstances of extreme pressure or during a period of instability unlikely to continue or to reoccur. (*In Re Rodin* (Ind. 1972), 296 N.E.2d 879; *In Re Psimos* (1966), 247 Ind. 409, 216 N.E.2d 557; *In Re Gray* (1966), 247 Ind. 408, 216 N.E.2d 547.) Also one's background may well bear upon the probabilities of whether or not action less extreme than disbarment will operate as an effective deterrent against future offenses.

The primary obligation of the lawyer is to serve the best interests of his client. The obligation is a sacred trust. For the relationship to function as intended, the client must trust the lawyer implicitly, and the lawyer must be implicitly trustworthy. There can be no greater evidence of his moral unsuitability for the profession than the violation by the lawyer, for his personal gain, of the trust reposed in him; because the opportunities and temptations for such are inherent and ever present in the lawyer-client relationship.

The findings reveal that the respondent did on at least four occasions, by abuse of his position of trust, defraud his client, the United States Government. Although the findings include numerous facts that engender compassion for the respondent, there is nothing among them from which we can conclude that his reinstatement would not at some future time subject the public to an undue risk. Although the respondent was severely disadvantaged in his youth, so far as can be ascertained from the record, he was well employed and under no extraordinary stress at the time he committed the offenses. For this reason, we are reluctant to follow the recommendations of the hearing officer.

Upon the finding of guilty to the charges of the complaint, the respondent is hereby permanently disbarred, and the Clerk of this Court is now instructed to remove the respondent's name from the roll of attorneys licensed to practice law in the State of Indiana.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported at 317 N.E.2d 444.