**In the Matter of Terry A. GERON.**

No. 384S84.

Supreme Court of Indiana.

Dec. 19, 1985.

Stephen J. Beardsley, New Albany, for respondent.

William G. Hussmann, Jr., Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## PER CURIAM

This proceeding is now before the Court on a single-count Verified Complaint filed by the Disciplinary Commission of this Court pursuant to Ind. R.A.D. 23, Section 12. In accordance with the provisions set forth in our Rules of Admission and Discipline, a Hearing Officer was appointed; a hearing was conducted; and Findings of Fact and Conclusions of Law have been tendered to this Court for consideration.

Following the tendering of the Findings of Facts and Conclusions of Law, Respondent filed his Petition for Review and concurrently offered his resignation from the Bar. The resignation was rejected as not being timely and the Respondent was afforded an opportunity to further support his Petition for Review as permitted by Ind. R.A.D. 23, Section 15. No further matters were presented by either party.

■ In his Petition for Review, Respondent asserts that the primary witness testifying against him was "so thoroughly discredited ... that no Findings of Fact or Conclusion of Law could be based upon his testimony without an abuse of discretion on the part of the Hearing Officer." Respondent, however, did not file any record of evidence to support his assertion as required by Ind. R.A.D. 23, Section 15(c); accordingly, Respondent's allegation of factual error, upon examination of all matters which are now before the Court, is deemed to be without merit.

■ Adopting the Hearing Officer's report, this Court now finds that Terry A. Geron was admitted to the Bar of this State on May 29, 1981, and accordingly is subject to the professional discipline of this Court. On October 5, 1983, shortly before 11:00 a.m., the Respondent and his client, Tony Dane Moore, entered the Clark County Courthouse. Tony Moore was the Respondent in a divorce proceeding in the Clark Superior Court # 2. A hearing on a contempt citation issued against Moore was scheduled for 11:00 a.m. that day. The Respondent was not certain as to the nature of the hearing and, upon entering the Courthouse, told Moore to wait in the stairwell. The Respondent returned approximately five minutes later and advised Moore to leave, without attending the hearing, and to go to "The Village Pub," a few blocks from the Courthouse. The Respondent then advised the judge and the attorney for the petitioner that Moore had not arrived for the hearing. After making some telephone calls, the Respondent advised the Judge that Moore was on his way to Court. When Moore failed to appear, the hearing proceeded in his absence. During that hearing, three witnesses testified that they had observed the Respondent and Moore enter the Courthouse together that morning. The Respondent took the stand and falsely testified, under oath, that he had not entered the Courthouse with Moore.

Due to Moore's failure to appear at the hearing, a body attachment was issued to have him brought before the Court to show cause why he should not be held in contempt. Later that date, the Respondent informed Moore of the testimony the Respondent had given and threatened Moore with bodily harm if Moore failed to testify as Respondent advised.

In view of the above Findings of Fact, this Court now concludes that Respondent prejudiced and damaged his client, thereby violating Disciplinary Rule 7–101(A)(3); that Respondent counseled his client in conduct known to be illegal, thereby violating Disciplinary Rule 7–102(A)(7); that Respondent gave false testimony under oath, thereby violating Disciplinary Rules 7–102(A)(4), (5) and (6); and that Respondent

engaged in illegal conduct involving moral turpitude, thereby violating Disciplinary Rules 1–102(A)(1) and (3) of the *Code of Professional Responsibility*. The Court now further concludes that Respondent's general course of conduct involved dishonesty and deceit, was prejudicial to the administration of justice, adversely reflects on his fitness to practice law and is, thus, in violation of Disciplinary Rule 1–102(A)(4), (5) and (6).

The bizarre behavior surrounding this incident calls into question Respondent's professional competence and ethics. He jeopardized his client's interest and the integrity of the court in order to camouflage his errors. The extent of his willingness to do so demonstrates a serious lack of understanding of the professional obligations of a lawyer. It is difficult, if not impossible, to discern the motivating factors behind conduct of this nature, but it is certain that this Court cannot allow its reoccurrence.

In conclusion, it is this Court's assessment that a period of suspension must be imposed in light of the nature of the violations involved in this case. It is, therefore, ordered that the Respondent, Terry A. Geron, is hereby suspended from the practice of law for a period of not less than two (2) years, beginning January 18, 1986.

Costs of this proceeding are assessed against the Respondent.