In the Matter of Terry A. GERON.

No. 1284 S 502.

Supreme Court of Indiana.

Nov. 24, 1987.

No appearance entered for the respondent.

William G. Hussman, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Terry A. Geron, was admitted to the Bar of the State of Indiana on May 29, 1981. As a result of a previous disciplinary action, he was suspended for a period of not less than two years beginning January 18, 1986, and has not been rein-stated. *In re Geron* (1985), Ind., 486 N.E. 2d 514. The present disciplinary action was initiated prior to the above noted suspension. The Respondent was notified, but chose not to participate in this proceeding. Under the applicable provisions of Admission and Discipline Rule 23, the duly appointed Hearing Officer conducted a hearing and has submitted his report of findings of fact and conclusions of law. The report has not been challenged, and, upon examination of all matters tendered in this case, this Court finds that it should be adopted.

Accordingly, we find that the Respondent has been charged, in a three-count verified complaint, with repeated acts of neglect and misrepresentation, in violation of Disciplinary Rules 6–101(A)(3), 7–101(A) and 1–102(A)(4), (5), and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

Under Count I of the Complaint, we find that in December, 1983, Respondent was employed to obtain a dissolution for a female client. The dissolution was uncontested and the parties had agreed that the husband would pay the attorney fee of $350. The Respondent indicated that he would file the proceeding upon receipt of $175. Accordingly, on January 12, 1984, the husband sent the Respondent a check for $175. When, in mid June, 1984, the Respondent was contacted concerning the dissolution, he advised his client that he had filed the dissolution petition in the wrong county, that he had only recently realized that it should have been filed in Clark County and that "just this week" he had filed another petition in Clark County. In fact, the Respondent had not filed the dissolution petition.

Under Count II, we find that he Respondent was retained to file a bankruptcy petition and was paid $360. The Respondent filed a bankruptcy petition on May 2, 1984, but he failed to file a motion to avoid a non-purchase money security interest in household furnishings held by a creditor. At a discharge hearing held on September 10, 1984, the Respondent was given ten

days in which to file the motion, but he again failed to do so. Thereafter, Respondent's client contacted the Respondent on several occasions concerning the matter, and the Respondent stated that all was well and that the furniture will not be repossessed. On March 2, 1985, Respondent's client received a letter from the creditor's attorney requesting repossession of the furniture. On March 11, 1985, Respondent's client again contacted the Respondent and was advised that the motion in question had not been filed and that the Respondent was turning the case over to other counsel. The Respondent filed an affidavit in the bankruptcy proceeding affirming, among other things, that the reason the motion was not filed was not the fault of the debtor and that the debtor should not be penalized. The Respondent took no other action and, as of June 6, 1985, no relief had been granted.

Under Count III, we find that on August 16, 1984, Respondent was retained to assist a party in an adoption. Respondent was paid $300 as a fee and $370.10 as costs. The Respondent filed the adoption petition and prepared a notice of service of process by publication in an Oklahoma newspaper for the unknown father and biological mother of the child. On three different occasions Respondent's client requested the Respondent to send the consent forms for the biological mother to the child's grandmother. The Respondent stated that he had done so, but the grandmother denied receiving the correct form. The Respondent did not conclude the adoption the client was required to retain new counsel.

The foregoing findings demonstrate misconduct under each count. Disciplinary Rule 6–101(A)(3) provides that a lawyer shall not neglect a legal matter entrusted to him. Under Count I, the evidence clearly establishes that the Respondent neglected a dissolution proceeding; under Count II, a bankruptcy; and under Count III, an adoption. This conduct further demonstrates a failure on the part of Respondent to seek the lawful objectives of his clients and, accordingly, violates Disciplinary Rule 7–101(A). Respondent compounded his neglect by misrepresenting the status of the proceeding. This deceit contravenes Disciplinary Rule 1–102(A)(4). Also, it is obvious that in every instance, Respondent's acts were prejudicial to the administration of justice and clearly establish that he is unfit to practice law. This conduct violates Disciplinary Rules 1–102(A)(5) and (6). In view of the above considerations, this Court now finds that the Respondent engaged in misconduct as charged in the complaint.

Respondent's misconduct led to the detriment of his clients. These clients sought professional assistance on matters of routine legal significance. Instead, they received delay, deceit and disadvantage. It appears that Respondent gives little concern to the obligations of his profession and does not appreciate the harm his individual acts can reflect on the entire legal profession. This Court is not unmindful of these consequences.

In assessing the appropriate sanction under these circumstances, we again note that the Respondent is presently suspended from practicing law. Under such suspension, he would be entitled to petition for reinstatement at the expiration of the two year period of suspension. In light of the misconduct set out in this present proceeding, we conclude that the Respondent should not be allowed to seek reinstatement at the expiration of his present suspension and that he should be disbarred.

IT IS, THEREFORE, ORDERED that the Respondent is hereby disbarred effective immediately.

Costs of this proceeding are assessed against the Respondent.