## In the Matter of David T. WOODS

### No. 07S00 8603 DI 269.

Supreme Court of Indiana.

Dec. 16, 1987.

David T. Woods, Pro Se.

Sheldon A. Breskow, Executive Secretary, Clifford Courtney, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us on a statement of circumstances and conditional agreement entered into by the parties and tendered for this Court's approval.

The Respondent was charged, in a four count complaint, with neglecting legal matters entrusted to him, engaging in impermissible conflict of interest, damaging or prejudicing his clients, engaging in conduct which is prejudicial to the administration of justice and which adversely reflects on his fitness to practice law, and accepting private employment in a matter in which he had substantial responsibility as a public employee.

In regard to these charges, the parties have reached an agreement as to what facts would be adduced by the evidence. In accordance with this agreement, we find that the Respondent, David T. Woods, was admitted to the Bar of this State on November 19, 1969, and presently maintains an office for the practice of law in Nashville, Indiana.

As to the charges under Count I, we find that, in early May, 1983, the Respondent was retained to settle the estate of James E. Gray. The Respondent filed a Petition for Probate, an inventory, and a Petition to Execute Deed. The Respondent took no other action after he filed the last matter on September 30, 1983. On January 2, 1984, the Respondent was paid $1,500 as attorney fees, but he never completed the estate, despite repeated requests. He was discharged on May 30, 1984.

Under Count II, we find that, on June 30, 1983, the Respondent filed a Petition for Probate in the Estate of Donald B. Dunham. No further action was taken for over nine months until April 6, 1985, when the Respondent filed a partial inventory and petition to sell real estate. Between April 6, 1984, and January 8, 1985, the Respondent sold the real estate, filed a report of the sale, filed a petition to sell personal property and a petition for authority to make partial distribution. Between January 8, 1985, and July 24, 1985, the only activity of record occurred on July 24 when the Respondent petitioned the Court to sell additional stocks. After July 24, 1985, the Respondent took no further action; he was discharged in October of 1985.

Under Count III, we find that the Respondent, as Executor, filed a petition to probate the Will of Devlin T. Neat. No action was taken from March 16, 1984, the time of filing of the latter petition, until May 30, 1985, some fourteen (14) months later, when the Respondent filed an Inventory, Petition for Partial Distribution and Report of Appraiser. On August 2, 1985, after a hearing on the final account, the Court ordered the Respondent to file a proposed order closing the estate. However, as of January 26, 1987, no order had been sent to the court, and the estate remained open, although distribution had been made.

As to Count IV, we find that, at all times relevant to the facts of this count, the Respondent was the attorney for Brown County. On June 8, 1983, George Lingle retained the Respondent to represent him on charges of criminal conversion, disorderly conduct and resisting law enforcement. These charges emanated from Lingle's arrest by a Brown County deputy sheriff. The Respondent filed a discovery motion and, on July 26, sent a letter to Lingle describing a proposed plea agreement offered by the prosecuting attorney. Thereafter, the Respondent failed to advise Lingle that the case was set for trial on January 11, 1984, even though Lingle had inquired as to the status of his case. Lingle failed to appear at the scheduled trial, and an arrest warrant was issued. On at least three occasions thereafter, Lingle contacted the Respondent concerning the case and was advised by the Respondent that the criminal charges would be cleared up.

On April 20, 1985, Lingle discussed with the Respondent a potential suit for false arrest. The Respondent advised Lingle that he would be back in contact, but the Respondent never mentioned that the arrest warrant was outstanding or that he was the county attorney. After April 20, 1985, Lingle contacted another attorney who was the first to advise Lingle of the

outstanding arrest warrant and that the Respondent was the county attorney.

The foregoing findings clearly establish that the Respondent engaged in the charged misconduct and thereby violated Disciplinary Rules 1–102(A)(5) and (6), 5–105(A), (B), 6–101(A)(3), 7–101(A)(2) and (3) and 9–101(B) of the *Code of Professional Responsibility for Attorneys at Law.*

Respondent's repeated acts of neglect raise serious questions as to his attitude toward his professional obligations. Coupled with Respondent's other misconduct, the ethical violations would indicate a more severe sanction. We note, however, that, by way of mitigation, the parties have agreed that, during the time in issue, unsettling events were occurring in Respondent's life. Such circumstances cannot serve to diminish the severity of the misconduct, but they may be taken into consideration when assessing any sanction which is to be imposed. Upon considering all matters presented by the parties' agreement, we find that the agreed discipline, a suspension for a period of sixty (60) days, should be approved.

It is, therefore, ordered that the conditional agreement tendered by the parties is approved. In accordance therewith, the Respondent is suspended from the practice of law for a period of sixty (60) days, beginning January 15, 1988, after which time, he shall be automatically reinstated.

Costs of this proceeding are assessed against the Respondent.