**In the Matter of David T. WOODS.**

**No. 07S00–8908–DI–654.**

Supreme Court of Indiana.

Aug. 17, 1994.

James T. Roberts, Nashville, for respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Respondent, David T. Woods, has been charged by the Disciplinary Commission of this Court with failing to act with reasonable diligence and promptness in representing a client, such conduct being in violation of Rule 1.3 of the *Rules of Professional Conduct for Attorneys at Law* and D.R. 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law*. Pursuant to Indiana Rule of Admission and Discipline Rule 23, Section 11(d), the parties have tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. This Court now accepts the tendered agreement.

As agreed by the parties, this Court now finds that Respondent, David T. Woods, is a member the Bar of the State of Indiana having been admitted on November 19, 1969. In a prior disciplinary action, Respondent was suspended from the practice of law in 1987 for a period of sixty (60) days. *In the Matter of Woods* (1987) Ind., 516 N.E.2d 33.

The allegations of professional misconduct emanate from Respondent's representation of John and Tina Robison. Under Count I, we find that in February of 1984, John and Tina hired Respondent to represent them in a personal injury action against the city of Anderson, Indiana. Respondent filed a timely Notice of Tort Claim with the city and

then began negotiating with the insurance carrier, Underwriter's Adjusting Company, in an attempt to settle the case.

In June of 1985, Underwriters requested from Respondent various documents which included medical reports, expenses, hospital bills and invoices. When Respondent forwarded to Underwriters only a handwritten list of medical expenses, the claims adjuster, Laura Anderson, attempted unsuccessfully to contact Respondent regarding the other necessary documents.

In July of 1986, Anderson determined that no civil complaint was filed on behalf of the Robisons prior to the expiration of the statute of limitations period. She subsequently closed her file. The Robisons did not learn of their loss of claims until December of 1987 when they consulted with another attorney.

As to charges under Count II, we find that the Robisons, in February of 1984, hired Respondent to assist them in filing personal bankruptcy. Respondent indicated to Tina Robison that the Bankruptcy Court would not treat their petition as a no-asset case because of the pending personal injury claim. Tina told Respondent to proceed with the bankruptcy, and Respondent assumed that Tina was consenting to the abandonment of the personal injury claim. Respondent did not communicate this to John and did not adequately explain the matter to Tina. Although he filed the proper petition, Respondent developed car problems on the way to Court for the initial hearing and notified the Court of his inability to appear. The Robisons were advised that the matter would be rescheduled so that Respondent could appear with them, but they elected to proceed *pro se*. Despite Respondent's continuing representations that "everything was being taken care of", in July of 1987, the Robisons received a notice of discharge hearing and shortly thereafter, a notice of a show cause hearing for dismissal.

In August of 1987, the Bankruptcy Court dismissed the Robison's petition for bankruptcy. Respondent subsequently promised the Robisons he would personally finance the refiling of their petition. Respondent was unaware of the bankruptcy "six-month" rule which prohibited the refiling within six (6) months of the dismissal. Respondent did not disclose or communicate to the Robisons that he would not be able to refile due to this rule. The petition for bankruptcy was never refiled by the Respondent. The parties agree that Count III of the Verified Complaint should be dismissed.

We conclude from the foregoing findings that Respondent engaged in professional misconduct. The Respondent and the Disciplinary Commission also agree that the appropriate sanction in this case is a public reprimand. This Court is inclined to accept such an agreement.

Prof.Cond.R. 1.3 requires an attorney to "act with reasonable diligence and promptness in representing a client." Respondent's repeated acts of neglect raise serious questions as to his attitude toward his professional obligations. Coupled with Respondent's other misconduct, which resulted in his suspension in 1987, the present ethical violations would indicate a more severe sanction. We note, however, that, by way of mitigation, the parties have agreed that the underlying facts in each of the two counts arose prior to Respondent's suspension in 1987. The limited nature of the record presented with this agreement does not tell us the reason for the delay in bringing this misconduct to light. However, the parties agree that the remoteness of the misconduct has a mitigating effect on the sanction to be imposed.

Upon considering all matters presented by the parties' agreement, we find that the agreed discipline, a public reprimand, should be approved.

It is, therefore, ordered that the conditional agreement tendered by the parties is approved. In accordance therewith, the Respondent, David T. Woods, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.