## In the MATTER OF Robert D. HAMILTON.

### No. 22S00–8911–DI–823.

Supreme Court of Indiana.

Nov. 21, 1994.

Robert D. Hamilton, pro se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

Respondent Robert D. Hamilton has been charged in a seven-count complaint for disciplinary action with violating multiple provisions of the *Rules of Professional Conduct for Attorneys at Law.* He and the Disciplinary Commission now tender for this Court's approval their Statement of Circumstances and Conditional Agreement for Discipline, wherein they agree that certain acts of misconduct occurred, and that for these Respondent should be suspended from the practice of law for one year. The Respondent has also submitted an affidavit, as contemplated by Ind.Admission and Discipline Rule 23, Section 17. We find that the agreement should be approved, and herein set out more fully the facts and circumstances of this case.

Respondent was admitted to the Bar of this state in 1982, which subjects him to the disciplinary jurisdiction of this Court. *In re Geron* (1985), Ind., 486 N.E.2d 514. Under Count I, the parties agree that two Kentucky attorneys, Yudkin and Andrews, hired Respondent in 1987 to pursue collection of certain debts owed by parties residing in Indiana. The attorneys assigned more than one hundred and sixty (160) cases to Respondent, and ordered Respondent to maintain an accounting of all collections, and forward the collected amounts to Yudkin and Andrews. All of the cases were to be filed in small claims courts in those Indiana counties where the debtors resided. In approximately one hundred and ten (110) of the cases, Respondent failed to file actions despite a direct order to do so by Yudkin and Andrews. For twenty-eight (28) of the cases that Respondent failed to file, Yudkin and Andrews forwarded to Respondent approximately $1,500.00 in filing fees. Respondent never returned that money despite the fact that he failed to file the actions. In ten (10) of the 160 matters, Respondent filed the initial complaint, but thereafter did nothing to obtain judgment or effectuate collection. In another thirty-seven (37) cases, Respondent obtained judgments, but did nothing to enforce the judgments and collect the obligations. In eleven (11) cases, Respondent secured judgments, resulting in the monies owed being remitted to the appropriate clerk of court. However, Respondent failed to remit these funds to Yudkin and Andrews, instead keeping them for his own use. Throughout the representation, Respondent failed to provide Yudkin and Andrews with an accounting

or respond to their requests for information. After initiation of these disciplinary proceedings, Respondent provided Yudkin and Andrews with a full accounting and restitution, including return of the files.

We find that Respondent violated Ind.Professional Conduct Rule 1.3 by failing to represent his client with reasonable diligence; specifically, by failing to file cases, or to pursue cases to completion. He violated Prof.Cond.R. 1.4 by not keeping his client apprised of the collection matters or sending accountings as ordered. He violated Prof. Cond.R. 1.16(d) and 8.4(a) by retaining and using property to which his client was entitled; by failing to protect his clients' interests upon termination of representation; and by otherwise violating the *Rules of Professional Conduct.*

Under Count II, the parties agree that an individual (the "client") retained Respondent in 1989 to represent her in a dissolution and bankruptcy petition. The client paid $250.00 in attorney fees for the dissolution, and $390.00 in fees for the bankruptcy. During the next six months, Respondent told the client that he had filed the bankruptcy petition, when in fact he had not. During the pendency of this disciplinary action, Respondent refunded all fees and filing costs to which his client was entitled. We find that Respondent violated Prof.Cond.R. 1.1 by failing to provide competent representation to a client; that he violated Prof.Cond.R. 1.2(a) by failing to abide by his client's decisions concerning the objectives of representation; and that he violated Prof.Cond.R. 8.4(c) by engaging in conduct involving fraud, deceit, and misrepresentation. We further find that Respondent violated Prof.Cond.R. 1.3 and 1.4.

In Count III, the parties agree and we now find that on February 5, 1988, Respondent entered his appearance as successor counsel for the plaintiff in a civil suit filed the previous year in United States District Court for the Southern District of Indiana. At that time, the district court had before it defendant counsel's motion to dismiss the complaint due to the plaintiff's failure to prosecute. Specifically, the defendant alleged that the plaintiff had failed to respond to certain discovery requests. On February 11, 1988, the court denied the motion to dismiss and ordered the plaintiff to respond to the discovery requests by February 29, 1988. On May 16, 1988, defendant's counsel filed a pleading captioned "Joint and Several Motions to Dismiss for Failure to Prosecute or To Comply With Rules or Order." In that motion, defendant's counsel alleged that, in resolving the motion to dismiss pending at Respondent's appearance, the court had ordered the plaintiff to "respond to pending discovery on or before February 29, 1988." Defendant's counsel further alleged that the only pending discovery as of February 11, 1988 was defendant's first set of interrogatories and request for production of documents. They alleged that, since Respondent's appearance, he had made no effort to respond to the discovery requests. Defendant's motion further stated that the Respondent had failed to respond to defendant's interrogatories, served on March 15, 1988.[1] On July 15, 1988, the court entered an order dismissing the action with prejudice due to Respondent's failure to prosecute, to comply with the court's February 11, 1988 order, or to abide by applicable rules of procedure. Respondent failed to inform the plaintiff of the dismissal. We find that, by his inaction leading up to the dismissal, and by his failure to inform his client of the dismissal, Respondent violated Prof. Cond.R. 1.1, 1.2(a), 1.3, 1.4, and 8.4(c). He also violated Prof.Cond.R. 3.2 by failing to make reasonable efforts to expedite litigation consistent with the interests of his client, and Prof.Cond.R. 3.4(d) by failing to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party.

Under Count IV, the parties agree that in April of 1988, First Union Home Equity Cor-

---

1. When service of the interrogatories was attempted on Respondent on March 15, the envelope was returned to defendant's counsel with the notation "Wrong Address" stamped on it. Counsel again attempted service on March 18, 1988, at a different address, but never received any indication that Respondent received the interrogatories.

poration ("First Union") retained Respondent to represent its interests at a real estate closing. As part of the closing, First Union paid Respondent $1,667.13, which was to be remitted by Respondent to various state, county, and city taxing authorities. Respondent failed to remit this money to the taxing authorities. On June 4, 1990, First Union sent a letter to Respondent requesting that Respondent remit the funds to the proper taxing authorities. On June 29, 1990, successor counsel for First Union informed Respondent, via letter, that if Respondent failed to remit the tax monies within ten days, the bank would initiate legal proceedings to recover the funds. Respondent failed to respond to either letter. First Union filed a civil suit against Respondent on July 27, 1990, and obtained judgment against Respondent in the amount of $2,566.37 on February 6, 1991. We find that Respondent violated Prof.Cond.R. 1.1, 1.2(a), 1.3, 1.4, and 8.4(c). We further find that Respondent's conduct in Count IV violated Prof.Cond.R. 1.15(b) in that he failed, upon receiving funds in which a third person had an interest, to promptly notify the third person. Respondent further failed to deliver promptly to his client or third person funds which the client or third person was entitled to receive. Respondent also violated Prof.Cond.R. 8.4(b) by committing a criminal act which reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects.

The charges under Count V were dismissed by agreement of the Commission and Respondent.

In Count VI, the parties agree that Respondent was hired on April 13, 1990, to represent an individual (hereinafter "client") in a non-contested divorce involving no children. The client paid Respondent $155.00 to commence the representation. Beginning about May 21, 1990, the client repeatedly attempted to learn from Respondent the status of her case. Respondent eventually told her that he had filed the divorce action and forwarded the petition and summons to her husband. On July 17, the client discovered that the action in fact had not been filed.

Respondent later reimbursed the client for the money she gave him to institute the action. By failing to take action in the matter, Respondent violated Prof.Cond.R. 1.3, 1.4(a), and 8.4(c).

Under Count VII, the parties agree and we thus now find that Respondent entered his appearance on behalf of a corporation on April 19, 1989, to defend the corporation in a quiet title action that had already been filed. Respondent subsequently failed to examine the relevant real estate records, failed to speak to witnesses, and neglected to present exculpatory evidence on behalf of the corporation. On July 27, 1990, judgment was entered against the corporation. Respondent informed company officials that the judgment could be appealed and that a motion to correct error could be filed. He filed a motion to correct error on September 26, 1990, but that motion was untimely. The court dismissed it, determined that the defense presented by Respondent was frivolous, and therefore ordered the corporation to pay attorney fees of $1,700.00. We find Respondent's conduct violated Prof.Cond.R. 1.1, 1.3, and 1.4(a). We further find that by asserting a defense for which there was no non-frivolous basis, Respondent violated Prof.Cond.R. 3.1.

Now that we have found misconduct, it is the duty of this Court to assess an appropriate disciplinary sanction. In this analysis, we examine the nature of the violations, any consequences that flow from the misconduct, the state of mind of Respondent, this Court's responsibility to preserve the integrity of the Bar, the risk to which the public will be subjected if Respondent is permitted to continue in the profession, and any factors in aggravation or mitigation. *In re Jarrett* (1992), Ind., 602 N.E.2d 131. The parties have agreed to a one-year suspension from the practice of law. Respondent's actions present an alarming pattern of inaction and inattention to his clients. In several instances, his inaction mingles with an unwarranted retention of client funds. This additional misconduct imparts a degree of knowing or intentional wrongdoing to Respondent's ac-

tions. In general, his misconduct poses a threat to unsuspecting clients and detracts from the integrity of the Bar. It therefore cannot be tolerated. However, we also note that disciplinary sanctions are not punitive in nature, but rather arise from this Court's duty to protect the public, to safeguard the integrity of the legal profession, to deter further unethical conduct and rehabilitate where appropriate, and to educate the Bar and the public. *See* American Bar Association *Standards for Imposing Lawyer Sanctions. See also In re Lee* (1974), 262 Ind. 439, 317 N.E.2d 444 (primary responsibility of the supreme court in disciplinary matters is to guard the public against incompetent and unscrupulous individuals). A suspension in this case reflects this Court's belief that, while Respondent should now be removed from law practice in light of his misconduct, he should at some future point in time be given the opportunity to prove that he has regained his fitness to practice law. Thus, by accepting the suspension agreed to by the parties here, we fulfill the obligations of this Court by removing any threat Respondent poses to the public, profession, and Bar, providing Respondent an opportunity for rehabilitation, deterring him and others from misconduct of this sort, and educating the public and the Bar that misconduct such as occurred here will not be tolerated.

It is, therefore, ordered that Respondent, Robert D. Hamilton, be suspended from the practice of law for a period of not less than one (1) year, effective December 23, 1994. At the conclusion of the suspension period, he may petition this Court for reinstatement, provided he meets the requirements of Admis.Disc.R. 23(4).

Costs of this proceeding are assessed against Respondent.