**In the Matter of John L. KELLY, Jr.**

No. 45S00–9307–DI–812.

Supreme Court of Indiana.

Sept. 19, 1995.

William T. Enslen, Enslen, Enslen & Matthews, Hammond, for Respondent.

Donald R. Lundberg, Executive Secretary, David B. Hughes, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

## PER CURIAM.

This case is before us upon the Disciplinary Commission's charges that the respondent, John L. Kelly, Jr., violated Rules 1.3, 1.4(a), 1.16(d) and 3.4(c) of the *Rules of Professional Conduct for Attorneys at Law.* In accordance with Ind.Admission and Discipline Rule 23, Section 11, this Court appointed a hearing officer who, after full hearing, tendered to this Court his findings of fact and conclusions of law, therein finding misconduct but declining to recommend a specific sanction. Neither the respondent nor the Commission has petitioned this Court for

---

**1.** Indiana Professional Conduct Rule 1.3 provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

**2.** Rule 1.4(a) provides:

---

review of the hearing officer's report. This matter is now before us for final resolution.

■ Since the hearing officer's report is unchallenged, we accept and adopt the factual findings contained therein, but reserve final judgment as to misconduct and sanction after a *de novo* examination of all matters submitted in this case. *In re Shaul* (1992), Ind., 592 N.E.2d 687; *In re Campbell* (1989), Ind., 546 N.E.2d 821.

■ Accordingly, we now find that the respondent was admitted to the Bar of this state on October 10, 1973, and is therefore subject to the disciplinary jurisdiction of this Court. Under Count I of the Commission's complaint, we now find that in May of 1987, a client retained the respondent to represent her in a claim against the United States Department of Labor for an injury she sustained as a postal employee. The respondent accepted a $150.00 retainer and documents the client had amassed relative to her case. They met a few weeks later to discuss the case. The respondent assured her that further work would be done on the case and that he would report his progress. She was later unable to contact the respondent or to learn what, if any, progress was being made. More than two years after the representation commenced, the client terminated the representation. On two occasions between late 1989 and February, 1990, the client attempted to retrieve from the respondent papers and property she had delivered to him upon commencement of the representation. It is unclear whether she ever recovered these materials.

We find that the respondent violated Ind.Professional Conduct Rule 1.3 by failing to act with reasonable diligence and promptness while representing the client.[1] He violated Prof.Cond.R. 1.4(a) by failing to keep the client reasonably informed as to the status of the case.[2] He violated Prof.Cond.R. 1.16(d)[3] by failing to promptly surrender to

A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

**3.** Rule 1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving

his client papers and property to which she was entitled.[4]

██ Under Count II, we now find that in June of 1986, a client retained the respondent to represent her and her husband in a proceeding to establish a guardianship over her grandchildren and their estates. By June 16, a trial court had granted the guardianship and named the client and her husband as co-guardians. Pursuant to statute, the client was required to file an accounting after the second anniversary of her appointment. Around the middle of 1988, the client instructed her bank to provide to the respondent information needed to complete the accounting. The bank did so; however, the respondent failed to prepare or submit the required accounting. As a result, on September 22, 1989, the court ordered the accounting filed within sixty (60) days. Although notice of such order was sent to the respondent, he failed to so advise his client. The court subsequently ordered the co-guardians to appear and show cause why they should not be held in contempt of court for failing to file the accounting. Thereafter, the client retained new counsel. We find that the respondent's actions violated Prof. Cond.R. 1.3 and 1.4(a).

██ Under Count III, we now find that the same client retained the respondent to represent her in the dissolution of her marriage. The respondent filed a petition for dissolution on her behalf, which was granted on March 25, 1988. The decree, entered on June 3, 1988, provided that all remaining settlement issues would be heard August 1, 1988. On August 1, 1988, the parties executed and filed a stipulated property settlement. According to its terms, the client was to receive the marital residence. Her former husband was to execute documents necessary to transfer ownership. By June of 1990,

transfer had not occurred. The client tried to contact the respondent, but was unsuccessful. Eventually she hired another attorney to assist her in compelling transfer of the real estate.

We find that the respondent violated Prof. Cond.R. 1.3 by failing to diligently pursue the settlement proceedings to completion.

██ Under Count IV, we now find that in April of 1986, a client retained the respondent to pursue a medical malpractice claim. On February 9, 1988, the respondent filed a proposed complaint for damages with the Indiana Department of Insurance. Thereafter, opposing counsel propounded interrogatories, but the respondent failed to send them to his client or otherwise respond despite at least two subsequent letters from opposing counsel requesting a response. On December 12, 1988, opposing counsel filed a motion to compel discovery. The trial court having jurisdiction over the proceeding ordered the client to answer the interrogatories and warned that the proceeding would be dismissed with prejudice if, within forty-five days, a response was not forthcoming or if the client did not provide opposing counsel with executed medical authorizations for obtaining the client's medical records. The respondent thereafter sent the interrogatories to his client and filed the answers he received in response. Opposing counsel again had to compel submission of the answers to a second set of interrogatories propounded to the client. The respondent ultimately obtained his client's answers to the second set of interrogatories and filed them on September 17, 1990. He failed, however, to provide medical authorizations relative to the second set. On September 18, 1990, the court ordered that such authorizations be completed.

reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

4. We note that in both the Commission's amended verified complaint and the hearing officer's

report, the respondent's failure to promptly surrender papers and property to his client is incorrectly identified as a violation of Prof.Cond.R. 1.16(a). It is clear from the Commission's recitation of the charges and the hearing officer's legal conclusions that the Commission and the hearing officer intended to reference Prof. Cond.R. 1.16(d), as we herein recognize.

On March 1, 1991, the court entered an order dismissing the proceeding with prejudice, reciting, *inter alia,* that the plaintiff had failed to participate in the formation of a medical review panel, failed to make timely submissions to the panel according to a schedule set by the panel's chairman, and "failed to take any action to prosecute his claim since filing his proposed complaint." The respondent did not advise his client of the dismissal despite repeated attempts by the client to learn the status of the case. When the client finally learned of the matter's disposition (from another source), he attempted to contact the respondent. The respondent refused to answer his client's telephone calls or respond to his written inquiries. The client eventually consulted other counsel, who concluded that the malpractice action was time-barred.

We find that the respondent violated Prof. Cond.R. 1.3 and 1.4(a). Further, by disregarding opposing counsel's repeated discovery requests and not, in a timely matter, complying with court orders regarding discovery, the respondent violated Prof.Cond.R. 3.4(c).[5]

Having found misconduct, we must now assess an appropriate disciplinary response. In doing so, we recognize that the respondent's misconduct is not an isolated occurrence, but rather reflects a pattern of inattention to legal matters and inadequate communication with his clients. In one instance, his lack of diligence destroyed his client's cause of action. Such misconduct poses a threat to unsuspecting clients and detracts from the integrity of the Bar. *In re Hamilton* (1994), Ind., 642 N.E.2d 1364.

It is, therefore, ordered that the Respondent, John L. Kelly, Jr., be suspended from the practice of law for a period of not less than eighteen (18) months, beginning October 23, 1995.

---

**5.** Rule 3.4(c) provides:
  A lawyer shall not:

  . . . . .

  (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal

Costs of this proceeding are assessed against the respondent.

based on an assertion that no valid obligation exists;