**In the Matter of David T. WOODS.**

**No. 07S00–9501–DI–00012.**

Supreme Court of Indiana.

Jan. 16, 1996.

David T. Woods, Pro Se.

Donald Lundberg, Executive Secretary, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The Indiana Supreme Court Disciplinary Commission charged the respondent, David T. Woods, with three counts of professional misconduct. The respondent is a member of the Bar of this State, having been admitted on November 19, 1969, and is subject to this Court's disciplinary jurisdiction. A hearing officer was appointed to hear this matter, but prior to a hearing, the respondent submitted his *Affidavit and Consent to Discipline* pursuant to *Admission and Discipline Rule 23, Section 17(a)*, whereby the respondent admitted the allegations of professional misconduct and voluntarily consented to discipline in lieu of proceeding with a hearing.

In light of this, we find that the respondent engaged in the misconduct charged in the verified complaint. As to Count I, we find that in April, 1994, a husband and wife met with the respondent to discuss how they could protect their interests in a pending takeover of a corporation in which they owned stock. The clients forwarded to the respondent all documents they had regarding their interest in the corporation and the pending takeover. Through July 8, 1994, the clients attempted to contact the respondent on numerous occasions, without any success. The respondent did not return their calls and took no action on their behalf. On July 8, 1994, the clients sent the respondent a notice to either return their telephone calls by July 15, 1994, or to consider himself terminated and return their documents. The respondent did not answer the letter and did not return the documents. He is charged under *Prof.Cond.R. 1.3* [1] with failing to act with reasonable diligence and promptness in representing his clients; under *Prof.Cond.R. 1.4(a)* [2], with failing to keep his clients reasonably informed about the status of their legal matter and to promptly comply with reasonable requests for information; and under *Prof.Cond.R. 1.16(d)* [3], with failing to take steps reasonably practicable to protect his clients' interests. We conclude that, by the aforesaid conduct, the respondent did engage in the charged misconduct.

Under Count II, we find that the respondent was the court appointed attorney for a defendant who entered a plea of guilty to a burglary charge and was sentenced to three years executed sentence. This sentence was to be served consecutively to another sentence. In January, 1993, the defendant's father hired the respondent to seek a sentence modification and gave the respondent $500. The defendant's father called the respondent seeking updates on the progress of the modification. The respondent made assurances that he was working on the case and that he would file the motion soon. Other phone calls from the defendant's father were unanswered by the respondent. The defendant began serving this sentence in September of 1993. The respondent never

---

1. *Prof.Cond.R. 1.3* provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

2. *Prof.Cond.R. 1.4(a)* provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

3. *Prof.Cond.R. 1.16(d)* provides generally that, upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect the client's interests.

filed the promised motion for modification of this sentence.

By the foregoing conduct, the respondent violated *Prof.Cond.R. 1.2(a)*[4] in that he failed to abide by the client's decisions concerning the objectives of the representation; he failed to act with reasonable diligence and promptness in violation of *Prof.Cond.R. 1.3;* and he failed to keep his client reasonably informed about the status of the case and to promptly comply with reasonable requests for information, in violation of *Prof.Cond.R. 1.4(a).*

Under Count III, we find that on January 18, 1994, the wife of a defendant who was sentenced to sixty years hired the respondent to file a Petition for Post Conviction Relief and paid him $3,000. During the next several months, the wife called the respondent's office periodically seeking information about the status of the case. The respondent did not return the calls. The wife also sent three letters to the respondent, dated June 17, 1994, November 15, 1994, and December 28, 1994. The respondent did not respond. The November letter gave the respondent a deadline of December 28, 1994, to either file the petition or refund the $3,000. He did neither. The December letter advised the respondent that his services were no longer desired, requested an itemized statement of work performed, and requested a refund of unearned fees. Again, the respondent did not respond. In his consent to discipline, filed October 10, 1995, the respondent indicates that after the receipt of the November letter, he and the wife agreed to either extend the filing of the PCR or to refund the $3,000. The respondent did neither.

By his aforesaid conduct, the respondent failed to abide by the client's decisions concerning the objectives of the representation, and thereby violated *Prof.Cond.R. 1.2(a);* he failed to act with reasonable diligence and promptness in representing his client, in violation of *Prof.Cond.R. 1.3;* he failed to keep his client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of *Prof.Cond.R. 1.4(a);* and he failed to take steps reasonably practicable to protect his client's interests, in violation of *Prof.Cond.R. 1.16(d).*

In light of the misconduct set out above, we must now determine an appropriate disciplinary sanction. Factors that we consider include the nature of the misconduct, the duty violated, the lawyer's mental state, the actual or potential injury caused by the misconduct, the duty of this Court to preserve the integrity of the profession, the potential risk to the public in permitting the respondent to continue in the profession, and the existence of aggravating or mitigating circumstances. *Matter of Drozda* (1995), Ind., 653 N.E.2d 991; *Matter of Cawley* (1992), 602 N.E.2d 1022. We note that professional misconduct is not a new occurrence in the respondent's professional career. In 1987, pursuant to a conditional agreement, he was suspended for a period of sixty (60) days on four counts of neglect, conflict, and conduct prejudicial to the administration of justice. *Matter of Woods* (1987), Ind., 516 N.E.2d 33. In 1994, he received a public reprimand pursuant to a conditional agreement, on two counts of neglect. *Matter of Woods* (1994), Ind., 638 N.E.2d 1253. Prior disciplinary offenses, multiple offenses and a pattern of misconduct are aggravating factors which we consider in deciding what sanction to impose.[5] This continued pattern of derelict conduct is damaging to the clients and to the legal system. Moreover, the respondent's failure to account for or refund unearned fees is particularly troublesome. Further, we are mindful of the glaring lack of mitigating circumstances.[6] Thus, an ex-

---

4. *Prof.Cond.R. 1.2(a)* provides generally that a lawyer shall abide by a client's decisions concerning the objectives of the representation.

5. See, *ABA Standards for Imposing Lawyer Sanctions, Standard 9.0.*

6. *See, ABA Standards for Imposing Lawyer Sanction, Standard 9.3,* which lists the following factors to be considered in mitigation:

a. absence of prior disciplinary record;
b. absence of dishonest or selfish motive;
c. personal or emotional problems;
d. timely good faith effort to make restitution or to rectify consequences of misconduct;
e. full and free disclosure to disciplinary board or cooperative attitude;
f. inexperience in the practice of law;
g. character reputation;

amination of each of the above factors convinces us that a substantial period of suspension is warranted and that, thereafter, the respondent must be able to demonstrate that he is fit to be readmitted to the Bar. This sanction comports with that suggested by the American Bar Association in situations where a lawyer "engages in a pattern of neglect and causes injury or potential injury to a client" and with sanctions imposed by this Court in cases involving similar pattern of misconduct. See *ABA Standards for Imposing Lawyer Sanction, Standard 4.42; Matter of Kelly, Jr.* (1995), Ind., 655 N.E.2d 1220.

It is, therefore ordered that the respondent, David T. Woods, is hereby suspended from the practice of law for a period of not less than eighteen (18) months, beginning February 15, 1996.

Costs of this proceeding are assessed against the respondent.

h.   physical disability;
i.   mental disability or chemical dependency

only under certain circumstances.