**In the Matter of Richard L. KEHOE, Jr.**

**No. 25S00–9509–DI–1083.**

Supreme Court of Indiana.

April 1, 1997.

Richard L. Kehoe, Jr., Pro Se, Rochester, for respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The Indiana Supreme Court Disciplinary Commission charged the respondent, Richard L. Kehoe, Jr., with two counts of professional misconduct in violation of the Indiana Rules of Professional Conduct. The respondent was admitted to the Bar of this state on October 10, 1973 and is subject to this Court's disciplinary jurisdiction[1]. The charges emanate from his neglecting and mishandling two estates. The parties have agreed upon a settled resolution of this case and now tender for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. The agreement calls for the respondent to be suspended for a period of ninety (90) days, at the conclusion of which he would be reinstated without having to file a petition for reinstatement. A majority of this Court has decided to approve the agreement. Pursuant to Admission and

1. Ind. Const. Art. 7, § 4.

Discipline Rule 23, § 12, the parties agree to the following facts:

**Count I.** During September of 1989, three surviving daughters of a decedent retained the respondent to handle their father's estate. The respondent filed proof of publication, posted a twenty thousand dollar bond and entered the three daughters as co-personal representatives in the estate. These were the extent of his activities in the estate. Prior to his death, the decedent had paid to the respondent $1,000 as a retainer for an unrelated legal matter. While serving as attorney for the estate, the respondent removed from the estate without court approval an additional $1,500 as attorney fees.

A fourth surviving daughter of the decedent consulted the respondent about buying the decedent's 1988 Mercury Grand Marquis automobile. She wanted to pay the balance on the outstanding loan rather than have the automobile price be subtracted from her distributive share. The respondent advised her that the estate would pay off the loan, and that the price of the automobile would be debited to her distributive share. The respondent, however, did not do as he had promised, and the bank brought an action against the estate to recover the balance due on the car loan, some $6,943.57, plus late fees, interest at 9.49 %, and attorneys fees of $502.25, for a total recovery of $7,721.67.

In November, 1990, the personal representatives hired another attorney to complete the estate. The new attorney and one of the daughters attempted several times to recover from the respondent the pertinent estate papers, but the respondent did not respond and did not return the papers. The same daughter also requested from the respondent an itemized bill and the return of any unearned fees. The respondent did not respond and failed to provide an accounting and to refund any of the fees. As part of the tendered conditional agreement, the parties state that the respondent has since then paid $2,502.25 to these clients.

We conclude that the respondent failed to act with diligence and promptness, as is required by Ind.Professional Conduct Rule

1.3 [2]. He failed to keep the personal representative reasonably informed about the status of the estate, in violation of Prof.Cond.R. 1.4(a) [3]. By withdrawing estate funds without court approval, he disobeyed an obligation under the rules of a tribunal, in violation of Prof.Cond.R. 3.4(c) [4]. Further, he violated Prof.Cond.R. 1.16(d) [5] by failing to surrender the estate papers and refund unearned fees.

**Count II.** In May of 1989, two clients, a father and daughter, hired the respondent to represent them in an "intermeddling" matter filed against the two by the co-executors of an estate. A Petition to Determine Intermeddling alleged that the respondent's clients, who were the decedent's son and granddaughter, had removed property from the decedent's home and bank accounts contrary to the provisions of the decedent's last will and testament. The court held a hearing on April 5, 1990, to determine the value of the removed items and the amount of inheritance tax due thereon. At the hearing, the court adopted an agreement by the parties whereby the respondent's clients were to send to the respondent an itemized appraisal of all items they had taken so that appropriate inheritance tax could be assessed against that value.

The clients did as they had promised and provided the required appraisal to the respondent. The respondent, however, failed to forward this to the opposing counsel, and, as a result, the respondent's clients did not receive notice of the inheritance tax due.

On August 7, 1990, the older of the respondent's clients passed away. The above mentioned daughter and a surviving son were appointed co-executors. They retained the respondent to represent this estate. On September 17, 1992, the daughter received a Notice to Appear and Show Cause as to why the inheritance tax had not been paid on the retained items and why opposing counsel had not been given the ordered appraisal. Thereafter, on September 22, 1992, the two co-executors gave to the respondent $550.00 to pay the outstanding inheritance tax attributable to the removed items. The first estate was finally closed on June 21, 1994. The second estate, for which the respondent was attorney, has remained open for over five years; the respondent has failed to file the inheritance tax return for said estate. In their tendered agreement, the parties state that subsequently the respondent has made restitution to these clients in the amount of $4,255.

The foregoing findings clearly and convincingly establish that the respondent failed to act with reasonable diligence and promptness, in violation of Prof.Cond.R. 1.3 [6] and he failed to keep his clients reasonably informed about the legal matters entrusted to him, in violation of Prof.Cond.R. 1.4(a).[7]

The above course of conduct reveals a troubling pattern of neglect and disregard for clients' interests. It is further exacerbated by the respondent's repeated failure to communicate or answer the clients' earnest requests for information. The unfortunate result was delay and injury to those who had entrusted their vital legal affairs to the respondent. With these considerations in mind, we review the proposed sanction of ninety (90) days suspension. In assessing whether it is appropriate in this case, we consider a number of factors, among them the nature of the misconduct, the duty violated, the lawyer's state of mind, the actual or potential injury caused by the misconduct, the duty of the Court to protect the integrity of the profession, the potential risk to the

2. Prof.Cond.R. 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

3. Prof.Cond.R. 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

4. Prof.Cond.R. 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal.

5. Prof.Cond.R. 1.16(d) provides that upon termination of representation, a lawyer shall take steps to protect the client's interests, including surrendering papers and property to which the client is entitled and refunding any advance payment of fees that have not been earned.

6. *See supra* note 2.

7. *See supra* note 3.

public in permitting the respondent to continue in the profession, and any mitigating and aggravating circumstances.[8] The parties agree that several mitigating factors are present in this case.[9] The respondent, who has been admitted since 1973, has had no prior disciplinary history. He has expressed remorse and has cooperated with the Commission's efforts. He has suffered from major depression, recurrent type, for which he is undergoing treatment. The parties also point to the fact that the respondent has made restitution. Restitution under the threat of disciplinary proceedings carries no mitigating value. However, in this instance, the restitution reduces the extent of the injury to the clients caused by the respondent's misconduct, and, in that regard, is a factor we consider. These considerations persuade a majority of the Court that the proposed ninety (90) days suspension appropriately reflects the misconduct and circumstances of this case. We also note that the sanction comports with the sanctions imposed for similar misconduct.[10]

It is, therefore, ordered that the respondent, Richard L. Kehoe, Jr., is hereby suspended from the practice of law for a period of ninety (90) days, beginning May 2, 1997. Costs of this proceeding are assessed against the respondent. Upon the conclusion of the period of suspension and upon his satisfying fully the costs assessed against him, the respondent shall be reinstated automatically.

The Clerk of this Court is directed to give notice of this action pursuant to Admis.Disc.R. 23, § 3(d) and to provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the Clerk of each of the Federal District Courts in this State, and to the Clerk of the United States Bankruptcy Court in this State, the respondent's last known address as it is reflected in the records of the Clerk.

8. *See Matter of Cox*, 662 N.E.2d 635 (Ind.1996); *Matter of Woods*, 660 N.E.2d 340 (Ind.1996); *Matter of Cawley, Jr.*, 602 N.E.2d 1022 (Ind. 1992).

9. American Bar Association Standards for Imposing Lawyer Sanctions, Standard 9.3, lists several circumstances that may justify a reduction

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

DICKSON and SELBY, JJ., dissent and would disapprove sanction as insufficient.

10. *See Matter of Woolbert*, 648 N.E.2d 1152 (Ind. 1995); *Matter of Pope*, 644 N.E.2d 90 (Ind.1994); *Matter of Heamon*, 622 N.E.2d 484 (Ind.1993).